*386
 
 Mr. Justice DANIEL
 

 delivered the opinion of the eourt.
 

 . This cause is brought before us upon a certificate of a division of opinion between the judges of the Circuit Court of the U nited States for the southern district of Ohio.
 

 The United States instituted their action of assumpsit against the defendants, for the recovery of a sum of money, laying their damages at two hundred thousand dollars; .
 

 The declaration consisted of two counts. The first was upon an alleged agreement between the United States and the City Bank of Columbus, whereby the latter, on the 1st day of November, 1850, contracted and undertook to transfer for the plaintiffs the sum of one hundred thousand dollars, the money of the plaintiffs, from the city of New York to the city of New Orleans, and to deposit the same at the latter place, in the treasury of the United States, by the 1st day of January, 1851r free of charge.
 

 In this count, the receipt of the money by the bank, viz: one hundred thousand dollars, for the purposes stated, the failure to make the transfer and deposit in conformity with the agreement, the conversion of the money so received by the bank to its own use, are all expressly averred.
 

 The second count was the common
 
 indebitatus assumpsit for
 
 money had and received to the plaintiffs’ use. Upon the trial before .the jury of the issues joined by the parties, at the October term of the Circuit Court, in the year 1855, the plaintiffs, in order to establish the alleged agreement and undertaking on the part of the bank, gave in evidence the following papers, viz:
 

 First, a letter from Thomas Moodie, cashier of the City Bank of Columbus, in these words:
 

 “ City Baste of Columbus, •
 

 .
 
 Columbus, Ohio, October
 
 26, 1850.
 

 •“Hon. Thomas Corwin,
 

 Secretary of the Treasury, Washington city.
 

 “ SiR: The bearer, Col. William Miner, a director of this bank, is authorized, on behalf of this institution, to make proposals for the purchase of United States stocks to the amount of one hundred thousand dollars. Any arrangement he may make will be recognised and fully carried out by this bank. He is also authorized, if consistent with the rules of the Treasury Department, to contract on behalf of this institution for the transfer of money from the East to the South or West-, for the Government.
 

 “I have the honor to be, sir, your obedient servant,
 

 “Thomas Moodie, Cashier.”
 

 
 *387
 
 Second. The following contract:
 

 “ W. City,
 
 November
 
 1, 1850.
 

 “This will certify that I have contracted with the United States Treasury, as the agent of the City Bank' of Columbus, to transfer $100,000 from ÜÑTew York to blew Orleans, to be deposited in the treasury at the latter-named city by the first day of January, 1851, free of charge. I have, in pursuance of said contract, this day received a draft in my own name for $100,000 on the United States Treasury at ÍTew York .city, which is to be accounted for on said contract.
 

 “William MineR.”
 

 “Upon the production of these papers, and proof of their execution, and further proof that said letter was the act of said . cashier alone, without the knowledge or sanction of the directory of said bank, before, at the time of, or subsequent thereto, but was copied in the letter-book of the bank at the time of its execution, a question arose as to the validity thereof,, upon which question the judges of this court were divided in opinion. It is therefore, by the request of both the parties, hereby ordered, that the said question be certified to the Supreme Court of the United States — that is to say, £Do said papers, so made, constitute a valid contract between the parties to this suit?’ It was agreed that the defendant is an independent bank under the act of the General Assembly of the State of Ohio of 1844- 5, to incorporate the State Bank of Ohio and other banking companies.
 

 “
 
 Wednesday, November
 
 28, 1855,
 

 (Signed)
 

 “Johx McLean. [Seal]
 

 “H. H. Leavitt. [Seal]"
 

 In considering this certificate of division, and the inquiry it propounds, an insuperable difficulty is perceived, arising from the partial and imperfect form in which the facts assumed as the foundation of the inquiiy are presented, and from the obvious absence of facts and circumstances pertinent to the’ case, and by which, if disclosed, its complexion might be entirely controlled.
 

 This court is asked to say, whether the above-cited letter of the cashier of the Cify Bank of Columbus, written without the knowledge of the directory, though copied at the time of its date in the letter-book of the bank, was a legal and valid act and authority.
 

 ■ Row, it must be obvious that the legality or validity of the letter of the cashier, and his authority to write that letter, do not depend solely and necessarily upon the fact of
 
 knowledge jo.-
 
 
 *388
 
 the directory at the time of writing that letter, nor on that of express direction or permission given at the time of its composition. The letter might have been legal and valid in the absence of either such knowledge or direction, or of both.
 

 The powers of the cashier of a bank are such as are incident, to, and implied in, his official character, as generally understood, as cash keeper, cash receiver, or payer, as negotiator and correspondent for the corporation, or as agent for various acts that are necessary and appropriate to the functions of such an officer, and inseparable from the operations of the bank; or those powers and duties may be created by a general or special authority declared in the charter or in the by-laws of the corporation. It would seem, inconsistent with these considerations to determine upon an isolated fact or act of the cashier, not absolutely irreconcilable with the customary functions of such an officer, as being decisivé of his capacities and duties; and this, irrespective of reference or inquiry as to the powers with which he might have been clothed, but, on the contrary, by cutting off all proofs as to the existence of any such powers, when by the introduction of those proofs the competency of súch powers, or the recognition of them by the bank, might perhaps have been shown.
 

 The true character of this cause seems not to have been developed before the Circuit Court, nor is it made apparent upon the certificate now before this court.
 

 We think that all the evidence relevant to the acts and authority of the cashier, either inherent and exercised strictly
 
 viriute officii,
 
 or as an agent, general or special, of the bank, under either the authority of its charter or its by-laws, and proof, if any, of the ratification or rejection by the bank of this or of similar acts of the cashier, should have been fully brought out, to be passed upon by the jury under instructions from the court, or in the mode of a certificate of division, in the event of a disagreement between the judges. This court, therefore, refusing to respond upon the question, as propounded to them upon the certificate from the Circuit Court, remands this case to that court for trial.