## OKLAHOMA NATURAL GAS CO. v. McFARLAND.

No. 19488. Opinion Filed May 27, 1930.

Allen, Underwood & Smith and Sam T. Allen, for plaintiff in error.

Joe R. Miller and R. E. Stephenson, for defendant in error.

TEEHEE, C. This appeal questions the correctness of the judgment of the county court of Creek county in abating plaintiff in error's action against defendant in error, to whom we will refer hereinafter as plaintiff and defendant, respectively, according to their trial positions.

It appears by the record that, on April 25, 1921, plaintiff, the Oklahoma Natural Gas Company, a corporation, filed suit against defendant Z. L. McFarland, to recover the sum of $986.49, for gas furnished by plaintiff to defendant for a stated period of time. Defendant denied plaintiff's claim in the amount sued for, but admitted his indebtedness to plaintiff in the sum of $160.15, which sum he tendered. Upon trial of the cause there was a jury verdict and judgment thereon for plaintiff in that sum. On September 23, 1924, the judgment was reversed by this court and the cause remanded for a new trial. See the same styled case, 103 Okla. 6, 229 Pac. 216.

Upon remandment, defendant, on January 31, 1927, filed an amended answer in which he amplified his denial of plaintiff's petition, but again admitted his indebtedness to plaintiff in the amount of $160.15, as in his original answer, which sum he again tendered.

On October 18, 1927, defendant filed a plea in abatement. Therein he alleged, to wit:

"That the Oklahoma Natural Gas Company was a corporation and instituted said suit against the defendant as a corporation.

"The defendant would further show to the court that, heretofore, and on or about the 14th day of July, 1926, an application was filed in the district court of Tulsa county, Okla., for the dissolution of said corporation. Due notice of said hearing was given and as provided by law. The application for the dissolution of said plaintiff corporation came on for hearing in the district court of Tulsa county, Okla.. on the 22nd day of September, 1926. The said district court entered its decree on said date dissolving said corporation, a copy of the decree being marked 'Exhibit A,' hereto attached and made a part of this plea. The said decree did not provide for a trustee to close up said dissolved corporation. The pretended cause of action in this suit did not survive the death of said corporation. The death of said corporation as herein set forth operated in law and fact to abate the pretended suit as above styled.

"While not admitting that said action survived, the defendant alleges that more than a year has elapsed, since the death of said corporation and no application has been made to revive said suit in the name of any person or trustees.

"While not admitting that said action survived the death of said corporation, the defendant alleges that the time in which application might be made for the revival of said action has elapsed and the right to revive said suit is now barred by statute."

To the plea was attached, by exhibit, a copy of the decree of dissolution which showed that the Oklahoma Natural Gas Corporation, a Maryland corporation, had acquired all of the assets and properties of the plaintiff and assumed its liabilities, and was continuing the public service business of plaintiff in Oklahoma.

The county court, on January 3, 1928, upon hearing, sustained the plea and dismissed plaintiff's suit. This action of the court is assigned as error, and presents the question of whether or not upon the dissolution of a corporation a pending action by it thereupon abates, or survives and is subject to revivor as provided by our relevant Code provisions.

Preliminary to our consideration thereof, we briefly notice defendant's motion to dismiss this appeal on grounds not necessary to be here detailed, which it is urged disposes of the cause. The appellate record shows denial of the motion pro forma on December 11, 1928, and again on re-presentation on March 18, 1929. This denial we regard as final and pass to the merits of the cause. Cosden Oil & Gas Co. v. Moss, 131 Okla. 49, 267 Pac. 855.

Considering the question in proper sequence, we notice first, defendant's theory, to wit. that, upon the dissolution of plaintiff, it ceased as a legal entity as in the case of the death of a natural person, and there-

upon, if its action against defendant survived, the same became subject to our law of revivor, and not having been revived within the time fixed, the action abated as was held by the trial court. Thereunder defendant rests his support of the judgment of dismissal on sections 223, 828, and 837, C. O. S. 1921, and the cases of K., O. & T. Ry. Co., v. Smith, 40 Kan. 192, 19 Pac. 636; Cunkle v. Inter-State Ry. Co., 54 Kan. 194, 40 Pac. 184; Glazier, Adm'r, v. Heneybuss, 19 Okla. 316, 91 Pac. 872, and a number of other cases from other jurisdictions.

At common law, the dissolution of a corporation had the same effect upon pending actions at law to which it was a party as that of the death of a natural person. Thereunder, upon such event, in either case, such pending actions abated. By our Code of Civil Procedure, the common-law rule has been modified so that now no pending action abates except such as are designated in section 823, C. O. S. 1921, within which the cause at bar does not come. By sections 223, 826, 828, 833, and 834, C. O. S. 1921, it is provided that a pending action which survives may be proceeded with by revival thereof in the name of the representative or successor of the deceased party litigant. By sections 836 and 837, it is provided that the order of revivor shall not be made after one year from the date of death except upon the consent of the adverse party, and by section 838, if the action be not revived, it is provided that the same shall be dismissed.

These provisions were adopted from the state of Kansas, and prior to our adoption thereof were held to apply to a situation as is here presented. Of the three cases named above, cited by defendant, the Cunkle Case is the only one directly in point. The syllabus of that case reads as follows:

"In an action against a railroad company, judgment was given in its favor, when the plaintiff instituted a proceeding for review in the Supreme Court. After that time the defendant and other railroad companies were consolidated under a new name, and the defendant company ceased to exist. The consolidated company succeeded to the property, powers, and privileges, as well as the obligations and liabilities, of the defendant company. No motion was made to substitute the successor, or to revive the proceeding in its name, until more than a year after the defendant company had become defunct, and the successor refused its consent to such revivor. Held, that no revivor could then be had in the name of the successor, and that the proceeding in error must be dismissed."

In the discussion, the court observed:

"It is conceded that the defendant company is dead, and, further, that its successor is the Kansas & Colorado Pacific Railway Company. The Code authorizes the revivor and continuance of an action or proceeding against the representative or successor in interest of the party that has ceased to exist, and provides how and when it may be done. Civ. Code, secs. 40, 425-435. There is no other or different method of substituting a successor of a dead party as defendant, and reviving the action in the name of such successor, than is prescribed in the last sections named, and which may be found in article 19 of the Civil Code. They provide that such a substitution or revivor may be made by the order of the court or judge, but they further provide that such an order cannot be made without the consent of the successor, unless it is done within one year from the time it could have been first made. Civ. Code, sec. 433. This is a positive requirement of the statute, and hence the motion of the plaintiff comes too late. More than three years elapsed after the consolidation was effected before the application to substitute was made, and the successor of the defendant appears, and expressly declines to give its consent to the substitution or revivor. The proceeding in error must, therefore, be dismissed."

The Code provisions referred to in that case are our sections 223, 826, 836 and 838, above referred to.

The Glazier Case, supra, applying the rule of these statutes in a case of a natural party litigant, among other Kansas cases, cited the Cunkle Case. The rule in that relation is settled law in this state. The other cases cited by defendant deal principally with the rule in equity, and, therefore, in the state of the case, consideration thereof is unnecessary.

Plaintiff's theory is that the controlling law of the question is contained in section 5361, which is integrant of our corporation law embodied in chapter 34, C. O. S. 1921, and that in its application it is not dependent upon our Code provisions of survival and revival of actions, and that this was the construction placed thereon in Oklahoma Natural Gas Co. v. Oklahoma, 273 U. S. 257, 47 S. Ct. 391, 71 L. Ed. 634. This section provides as follows:

"Unless other persons are appointed by the court, the directors or managers of the affairs of such corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation, and to collect and pay debts and divide among the stockholders the property which remains after the payment of debts and necessary expenses; and for such purposes may maintain or de-

fend actions in their own names by the style of the trustees of such corporation dissolved, naming it; and no action whereto any such corporation is a party shall abate by reason of such dissolution."

It is to be noted that the statute was amended subsequent to the origin of this case by an additional provision thereto providing that service of process on a dissolved corporation may be had by service thereof on the Secretary of State. Chapter 25, S. L. 1927.

The statute, in its original form, was adopted from Dakota Territory. See section 2940, Dakota Territorial Code, Comp. Laws 1887. It does not appear that the statute had been construed, in the relation here at issue, by the Dakota Territorial Court prior to our adoption thereof, nor that it has been construed by the courts of the Dakota states prior to their amendment thereof. Likewise, it does not appear that a statute of similar import was considered in the Cunkle Case, supra, and its not having been heretofore considered by this court, the question presented thereunder is therefore one of first impression in this jurisdiction.

Under our rule of statutory construction, the language employed to express the legislative intent of the statute, in its original form, appears to signify and effectuate three purposes, namely: (1) That a dissolved corporation has a limited continued existence until its affairs have been settled by its trustees, who may be either the board of directors or managers thereof, or persons appointed by the court at the dissolution proceedings; (2) that a dissolved corporation by the name of its trustees has the legal capacity to sue and to be sued in relation to any matter in the course of the settlement of its affairs; and (3) that any pending action to which a corporation is a party at the time of its dissolution continues to final adjudication as though dissolution had not obtained, without regard to our general statutory provisions upon the subject of survival and revival of actions.

In this concept of the statute, in respect to the third phase thereof, we are supported by the case relied on by plaintiff, Oklahoma Natural Gas Co. v. Oklahoma, supra. That case also arose out of the fact of plaintiff's dissolution, and had reference to two actions pending in the Supreme Court of the United States, both styled the same. Therein the plaintiff, its successor, and the defendant joined in motions to substitute the name of the successor for that of the plaintiff. These were filed within the statutory period fixed by our Code provisions for the revival of actions. In the consideration of the motions the court gave its concept of section 5361, after quoting the same, in this language:

"We have found no Oklahoma case that construes this provision with reference to the question now before the court. The language of the section would seem to indicate that, as there is to be no abatement, the Oklahoma Natural Gas Company for litigating purposes is still in being and continues to be a party before this court."

The court further said:

"The showing made for the motion is that the Oklahoma Natural Gas Company was by a decree of the district court of Tulsa county, Okla., duly and legally dissolved as a corporation. There is nothing to indicate why the company was dissolved. We may assume, but we do not know, that it was in anticipation of its dissolution by force of law and that the proceeding was undertaken in order to transfer its assets, its obligations, and its liabilities to another corporaton which is averred to be a corporation of another state, to wit, of Delaware, although the seal which is attached to the consent of the Oklahoma Natural Gas Corporation, by its president and secretary, and accompanies the motion, shows that it was incorporated, not in Delaware, but in Maryland.

"The motion is signed by counsel for the appellant, the Oklahoma Natural Gas Company. He does not explain how he continues to represent the appellant, if, in fact, it has ceased to be as he represents to this court.

"In the absence of a fuller showing as to just what the proceeding was in the district court of Tulsa county in respect to the dissolution of the old company, and in view of the provisions of the Oklahoma statute, we think it unwise to grant the motion for substitution, even though with the consent of the appellees. It may be that with the disclosure of all the facts and circumstances we may find that what was done with the consent of all the parties to this suit is in fact a novation which we can make effective. United States v. City Bank, 19 How. 385, 15 L. Ed. 662; Ex parte South and North Ala. R. Co. 95 U. S. 221, 222, 24 L. Ed. 355.

."We are not advised as to whether, at the time of the dissolution of the corporation by time, liquidating trustees of the old company were appointed under the statute. If they were, then they should appear in this proceeding. The motion to substitute is denied without prejudice to a renewal of it on a fuller showing."

The ground of denial apparently was met, as the motions were later granted by memorandum decisions. See same styled case, 274 U. S. 721, and 744, and notes to 71 L. Ed. 634.

The syllabus to the case, as that appears in 71 L. Ed. 634, reads as follows:

"1. The dissolution of a corporation cannot be distinguished from the death of a natural person in its effect upon litigation to which the corporation was a party, and will therefore, in the absence of statute to the contrary, abate all litigation in which the corporation appeared either as plaintiff or defendant.

"2. A motion to substitute a successor for a dissolved corporation, pending litigation to determine a liability which has been assumed by the successor will be denied, although it is sought by all parties in interest, where the statute provides for winding up the affairs of the old corporation by trustees, and there is nothing to show why the corporation was dissolved."

As the substitution of the parties plaintiff in that case was made within one year after the date of dissolution, the question of whether or not compliance with our general law of revivor was essential to a continuance of the case was not thereby determined, except as that may be so considered by the judicial concept of the effect of the statute, as above pointed out.

In Schmidt & Bro. Co. v. Mahoney, 60 Neb. 20, 82 N. W. 99, the principal question presented was the same as that under consideration. In that case the company, an Ohio corporation, was dissolved subsequent to the filing of the suit. In the absence of evidence on the subject, the cause proceeded on the assumption that the relevant laws of the state of Ohio were the same as such laws of Nebraska. There existed, as here, general provisions corresponding to our law of survival and revival of actions which were urged upon the court as controlling by the defendant. There also existed provisions of law having application only to corporations, as here, which were invoked by the plaintiff as being the law of the case. In respect to pending actions, at the time of dissolution, it was provided, to wit:

"No suit or action, either at law or in chancery, pending in any court in favor of or against any banking or other corporation, shall be discontinued or abated by the dissolution of such corporation, whether such dissolution occurred by the expiration of its charter or otherwise; but all such suits or actions may, in all courts of justice, be prosecuted by the creditors, assigns, receivers, or trustees, having the legal charge of the assets of such dissolved corporation, to final judgment or decree, in the corporate name of such dissolved corporation."

Addressing itself to the application of the general provisions of law in respect to survival and revival of actions, the court said:

"The provisions of the foregoing sections are urged upon our attention by the defendant in support of his plea in abatement, his contention being that the plaintiff having ceased to exist as a corporation more than a year since, there can be no revivor without the consent of the defendant, and the action must be dismissed or stricken from the docket. Counsel for plaintiff, on the other hand, insists that the sections of the Code of Civil Procedure quoted are applicable to actions pending in nisi prius courts only, and do not relate in any manner to causes pending in this court on error or appeal. We are unable to appreciate the force of this argument. Unquestionably, the provisions of the Code of Civil Procedure are applicable to the revivor of actions in the Supreme Court, and this court has so treated them. Bell v. Walker, 54 Neb. 222. This is not one of those actions which abate by the death of a party. Code of Civil Procedure, sec. 454, et seq. If there were no other statutory provisions in this state on the subject other than those to which reference has already been made, we would incline to the position that the action should have been revived and prosecuted by the stockholders of the plaintiff corporation within the period designated in section 466 of said Code, and that a revivor could not be had after that time without the consent of the defendant."

Thereupon, passing to the consideration of the provisions relating to corporations only, the court observed:

"Counsel for plaintiff invoked certain sections of chapter 16, Compiled Statutes, entitled 'Corporations,' to which consideration will now be given. (Quoting sections including the above provision.)

"This legislation confers ample authority upon every dissolved corporation to prosecute suits in its corporate name as though the corporation had never been dissolved. The purpose and object of the sections were to save every corporate right and power to defunct corporations, that the interests of its former stockholders as well as those of its creditors might be preserved. And the sections in question, being special provisions in regard to a particular subject, control any and all general powers. This is a familiar rule. State v. Cornell, 54 Neb. 72."

It was thereupon held that the plea in abatement was not well taken, the points of the syllabus being, to wit:

"Under section 63, chapter 16, Compiled Statutes, a suit does not abate by the dissolution of a corporation plaintiff or defendant organized under the laws of this state.

"A dissolved domestic corporation may, after such dissolution, prosecute any suit in

its corporate name in the same manner and with like effect as if the corporation had not ceased to exist."

In Lowe v. Superior Court, 165 Cal. 708, 134 Pac. 190, the first paragraph of the syllabus, as it appears in the Pacific Reporter, reads, to wit:

"Under Act March 20, 1905 (St. 1905, p. 493) sec. 10a, added by Act June 13, 1906 (St. 1906 [Ex. Sess.] p. 22), and amended by Act March 20, 1907 (St. 1907, p. 745), providing that in case of forfeiture of the charter of a corporation its directors shall be deemed to be its trustees, with power to settle its affairs and defend any action then pending against it, provided that no action pending against it shall abate thereby, but may be prosecuted to final judgment as though no forfeiture had occurred, an action pending against it on forfeiture of its charter may be continued in its name, without substitution of its directors as defendants."

The general law of abatement and revival of actions there was identical with our section 223, supra. After pointing out the state of the law and the construction thereof prior to the origin of the cause considered, the court observed:

"At the time of the decision of the Crossman Case (February 21, 1907), the only provision in the Act of March 20, 1905, bearing upon this matter was section 10a added by Act approved June 13, 1906 (Stats. Ex. Sess. 1906, p. 22). This section provided that in all cases of forfeiture under the provisions of the act, the directors or managers in office of the affairs of any domestic corporation whose charter may be so forfeited, are deemed to be trustees of the corporation and stockholders or members, with full power to settle the affairs of the corporation, 'and to maintain or defend any action or proceeding then pending in behalf of or against any of said corporations,' and to take such legal proceedings as may be necessary to fully settle the affairs of the corporation, and that such directors or managers, as such trustees, may be sued by any person having a claim against such corporation. This, in substance, is very similar to section 400 of the Civil Code, hereinbefore quoted.

"By act approved March 20, 1907 (Stats. 1907, p. 745), this section was amended by the addition of a proviso which reads as follows: 'Provided always that no action pending against any corporation shall abate thereby, but may be prosecuted to final judgment, the same may be enforced by execution with the same force and effect and in like manner as though no forfeiture had occurred,' and also by the addition of another proviso which is immaterial here.

"It will be observed that the proviso quoted above contains no provision similar to that contained in section 385 of the Code of Civil Procedure, relating to the necessity of substitution of any representative or successor in interest of the corporation. This omission is significant. The cases relied upon by learned counsel for petitioners to the point that statutes like our section 385 of the Code of Civil Procedure, do not authorize the continuance of an action against a corporation in its corporate name after the corporation has been dissolved, are to be considered in connection with the fact that the statute providing that there shall be no abatement, expressly requires substitution of the representative or successor in interest, and thus practically, while expressly permitting a continuance of the action, prescribes a condition upon which it may be so continued. Here we have no such condition expressed, but simply a provision that the action shall not abate, but may be prosecuted to final judgment. We are of the opinion that section 10a of the act, as amended by the addition of the proviso, should be construed as providing that any action included within the meaning of the proviso shall not abate by reason of the forfeiture, but may be continued and prosecuted in its corporate name to final judgment, the control and management of the action so far as the corporate interests are concerned being in the directors or managers in office at the time of the forfeiture, they being the trustees of the corporation and stockholders or members. While doubtless they may properly be substituted as parties defendant, such substitution is not essential to a continuance of the action, as we read the statute."

See, also, Burkburnett Refining Co. v. Ilseng, 116 Tex. 366, 292 S. W. 179.

The general similarity of the statutes in these cases to our section 5361, consists in the fact that no reference therein is made to other provisions of law in respect to their operation. Specifically, in the Nebraska case, the statute (Comp. Stats. Neb. 1899, c. 16, sec. 63) provided that a pending action upon dissolution of a corporation shall not abate, but may be continued and prosecuted by the trustees "to final judgment or decree, in the corporate name of such dissolved corporation," and, in the California case, the statute provided that a pending action shall not abate, "but may be prosecuted to final judgment * * * as though no forfeiture had occurred;" both, therefore, in substance and effect, being no different from our statute providing that "no action whereto any such corporation is a party shall abate by reason of such dissolution." We may observe that though it be not essential to the continuance of the case, substitution of parties in the course thereof would be both commend-

able practice and in harmony with our general Code of Procedure.

It is clear that these cases applied the rule that:

"Where there are two provisions of the statute, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply."

The rule is not without recognition in this jurisdiction. Gardner v. School Dist. No. 87, Kay County, 34 Okla. 716, 126 Pac. 1018; Muskogee Times-Democrat v. Board of Com'rs of Muskogee County, 76 Okla. 188, 184 Pac. 591; Murrow Indian Orphans' Home v. Featherstone, 85 Okla. 150, 204 Pac. 1110. As section 5361 contains no express terms which fixes its interdependency in application upon other provisions of law, and clearly indicates that a pending action shall not abate in the sense that it shall be suspended and subject to revival under our general law of abatement and revival, we think the above rule to be here controlling.

We are of the opinion, therefore, that by virtue of section 5361, C. O. S. 1921, a pending action, to which a corporation is a party litigant, does not abate upon the dissolution of the corporation in the sense that continuance thereof requires revival under the provisions of our Code of Civil Procedure, but may be continued and prosecuted to final adjudication in the corporate name, with the board of directors or managers constituting the trustees of the corporation, unless other persons shall be appointed, with the power of management of such litigation to finality. The court therefore erred in sustaining defendant's plea in abatement.

The judgment of the county court dismissing plaintiff's action against defendant is therefore reversed, and the cause remanded, with directions to reinstate the case.

HERR, LEACH, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Abatement and Revival," 1 C. J. §216, p. 136, n. 88. "Statutes," 36 Cyc. p. 1151, n. 57.