## STATE ex rel. SCHOOL DISTRICT NO. 40, BRYAN COUNTY, v. WALDEN, Judge.

No. 24780.    Nov. 28, 1933.

Rehearing Denied Jan. 9, 1934.

C. C. Hatchett, for relator.

Sigler & Jackson, for respondent.

ANDREWS, J. This is an original proceeding in this court instituted by the petitioner, school district No. 40 of Bryan county, Okla., asking this court to issue a writ of prohibition directed to Asa E. Walden, judge of the Eighth judicial district of Oklahoma, presiding in and for

Carter county, restraining and prohibiting him from entering any order interfering with the jurisdiction of the district court of Bryan county in cause numbered 10055, wherein school district No. 40 of Bryan county is the plaintiff and C. P. McCoy and the Federal Surety Company are the defendants.

The petitioner, as plaintiff, brought an action in the district court of Bryan county against C. P. McCoy and the Federal Surety Company for a money judgment in the sum of $15,000 and interest. Therein it was alleged that C. P. McCoy was a defaulting treasurer of the plaintiff school district and that the defendant Federal Surety Company was a surety on his bond.

In view of the many transactions in the two separate courts out of which the alleged conflict of judicial authority has arisen, it will be necessary for a proper consideration of the matter here presented to keep in mind the various transactions in the two courts and the dates of the separate proceedings.

The record shows that on May 20, 1931, the plaintiff school district filed a suit in Bryan county against the Federal Surety Company and others; that the Federal Surety Company was served with summons on May 21, 1931, and later filed its answer; that on September 25, 1931, the Federal Surety Company was dissolved by a decree of a district court of the state of Iowa, and the Insurance Commissioner of that state, E. W. Clark, was appointed as general receiver; that on October 10, 1931, a suit was instituted in Carter county by Montgomery & Shoemaker against the Federal Surety Company and others; that on the same day T. L. Smith was appointed receiver for this state for the Federal Surety Company; that on October 16, 1931, Montgomery & Shoemaker filed an amended petition in the same cause; that on October 28, 1931, writs of attachment against certain property of the Federal Surety Company were issued out of the district court of Bryan county in favor of the plaintiff school district; that on January 11, 1932, E. W. Clark, the receiver, obtained permission and filed in the Bryan county case a motion to abate further proceedings in the suit of the school district; that on February 6, 1932, the district court of Bryan county rendered a judgment overruling the motion to abate; that on March 12, 1932, the district court of Bryan county rendered a judgment in favor of school district No. 40 and against the Federal

Surety Company and declared an attachment lien against certain real estate so attached; that on March 14, 1932, E. W. Clark, the receiver, intervened in the Carter county case instituted by Montgomery & Shoemaker and filed a petition for the confirmation of the appointment of T. L. Smith by that court; that on that day the district court of Carter county made an order confirming the appointment; that on March 17, 1932, the district court of Carter county had served upon the plaintiff school district a temporary restraining order requiring it to appear and show cause why a permanent injunction should not be issued against it; that the school district filed a response in the district court of Carter county raising the question of that court's jurisdiction; that on January 23, 1933, the district court of Carter county heard the application for permanent injunction against school district No. 40, and that on May 26, 1933, that court rendered its judgment decreeing that the judgment rendered by the district court of Bryan county was void and restraining the plaintiff school district from further proceeding in its suit in Bryan county. Upon that state of affairs the plaintiff, school district No. 40 in Bryan county, filed a petition in this court asking that a writ of prohibition issue restraining and prohibiting the district court of Carter county from entering any order interfering with the jurisdiction of the district court of Bryan county in the cause wherein the petitioner school district is the plaintiff and C. P. McCoy, the Federal Surety Company, and others are the defendants.

The petitioner herein contends that the proceedings in the action in the district court of Carter county, prior to March 14, 1932, are absolutely void on the face thereof.

When the decree of the district court of the state of Iowa dissolved the Federal Surety Company, it was legally dead, and E. W. Clark, the Commissioner of Insurance of the state of Iowa, was the receiver and liquidating officer thereof. Thereafter no action could be instituted against it in Oklahoma.

The claim of a right to have a receiver appointed, as shown in the petition of Montgomery & Shoemaker, was based on the fact that the plaintiffs, Montgomery & Shoemaker, were grading contractors, with the Federal Surety Company as surety on their bond, and had in their employ one J. R. Mabes, who had been injured while

in such employ. It was alleged in the petition that Mabes had filed his claim with the State Industrial Commission and that the plaintiffs were informed and believed that Mabes was entitled to recover from them the sum of $5,500. It was further alleged that the Federal Surety Company since January 1, 1931, had failed to renew its permit to do business in the state of Oklahoma and was withdrawing its assets from the state of Oklahoma. The plaintiffs prayed for a money judgment in the sum of $5,500 against the Federal Surety Company.

The State Industrial Commission had rendered no award in favor of Mabes and had exclusive original jurisdiction to determine the question of the injury as well as the amount of damages due. It appears that the suit was purely a suit for the appointment of a receiver, wthout alleging any legal grounds therefor. The dissolution of the Federal Surety Company was not mentioned in the petition, and had it been, the petition, otherwise failing to state a cause of action, would not have entitled the plaintiffs to have a receiver appointed. The district court can appoint a receiver for a dissolved corporation if such appointment is ancillary or incidental to a proceeding showing a cause of action for substantial relief. Martin et al. v. Harnage, 26 Okla. 790, 110 P. 781. But unless a proper showing is made by the party making the application, entitling him to have a receiver appointed upon some theory authorized by statute, the appointment of a receiver is not within the discretion of a trial court, and is in excess of its power, and is an abuse of discretion reposed in it. Jackson et al. v. Ward, 111 Okla. 73, 238 P. 429; State ex rel. Nenzel et al. v. Second Judicial District Court et al. (Nev.) 241 P. 317. We think that the appointment of T. L. Smith as receiver of the property of the Federal Surety Company in Oklahoma upon the petition of the plaintiffs, Montgomery & Shoemaker, was without authority and was void.

The petition in intervention filed by E. W. Clark, the Commissioner of Insurance of the state of Iowa, who was the duly appointed receiver of and liquidating agent for the property of the Federal Surety Company, was filed in the Montgomery & Shoemaker case in the district court of Carter county wherein it had been attempted to make the Federal Surety Company a party. The intervener, in his petition, prayed for the confirmation of the appointment of T. L. Smith as receiver.

If the appointment had been legal, it would need no confirmation. If it was void, it could not be made legal by confirmation. Regardless of the fact that the appointment of Smith in the first instance was void, the petition in intervention filed by the receiver appointed by the district court in the state of Iowa stated sufficient facts and the exhibits presented sufficient authority as an original proceeding to justify the court in appointing Smith as ancillary or assistant receiver to take charge of the property of the dissolved surety company located within the state. We must, therefore, conclude that the last appointment of T. L. Smith as receiver was a legal appointment.

The order appointing T. L. Smith authorized him to "take possession of and conserve, manage and dispose of, as in this decree provided, all real estate and tangible personal property situated within the state of Oklahoma, title to which was held by Federal Surety Company September 25, 1931, and has passed to E. W. Clark, receiver and/or liquidating officer, as aforesaid."

The petitioner herein contends that the proceedings had in its suit in Bryan county are legal and binding and that they were not invalidated or superseded by the last order of the district court of Carter county appointing T. L. Smith as receiver.

As shown herein, prior to the dissolution of the Federal Surety Company by the district court of Iowa and prior to the institution of the suit in the district court of Carter county by Montgomery & Shoemaker, the petitioner herein had filed its suit in Bryan county for a judgment of $15,000 against C. P. McCoy, defaulting treasurer of the plaintiff school district, and the Federal Surety Company, surety on his bond. Summons was served on the Federal Surety Company on May 21, 1931. After filing certain motions and demurrers, the Federal Surety Company filed its answer on October 28, 1931, which consisted of a general denial, and after the order of dissolution of the surety company had been made by the Iowa district court on September 25, 1931. On October 28, 1931, various writs of attachment were issued and sent to different counties by the court clerk of Bryan county, and levies on eleven tracts of land were made and duly returned to the district court of Bryan county.

When the plaintiff school district filed in the Carter county case its response to

the restraining order issued out of the district court of Carter county on March 17, 1932, it was not a voluntary appearance on its part, and no permanent relief was asked for. The response raised the question of the jurisdiction of the district court of Carter county to restrain proceedings in the district court of Bryan county. The question of the right and jurisdiction of the district court of Bryan county to proceed to final judgment in the cause of the school district had been previously adjudicated by the district court of Bryan county in a proceeding filed January 11, 1932, on a motion by E. W. Clark, the receiver appointed by the district court of Iowa. The motion was filed by permission of the district court of Bryan county in the action instituted by school district No. 40. In the motion it was requested that the district court of Bryan county "* * * enter an order finding and determining that the defendant Federal Surety Company has ceased to exist; that this action has abated as to the defendant Federal Surety Company, and that judgment cannot now in this action be entered against the defendant Federal Surety Company." After a hearing on the motion, the district court of Bryan county entered its order and judgment overruling the motion and finding that that court had jurisdiction in the cause. Later the case was tried, and judgment was entered on March 12, 1932, approving and confirming the attachment proceedings and making the same a lien upon the property attached.

On May 26, 1933, the district court of Carter county entered its judgment permanently enjoining and restraining the plaintiff school district from further proceeding in its suit in Bryan county, declaring the judgment of that court void, and ordering the plaintiff school district to vacate the judgment and, upon failure to do so, that a certified copy of same be filed in the Carter county case, which would operate as a vacation of the judgment.

One of the questions here presented is, Did the petitioner's cause of action in Bryan county abate upon the dissolution of the Federal Surety Company by the district court in the state of Iowa, and are all later proceedings by the district court of Bryan county in that case void?

Section 9788, O. S. 1931, provides for the winding up of the business of dissolved corporations by its directors or managers unless other persons are appointed by the court, and for such purposes,

"* * * may maintain or defend actions in their own names by the style of the trustees of such corporation dissolved, naming it; and no action whereto any such corporation is a party shall abate by reason of such dissolution. And in case any domestic or foreign corporation shall remove from the state, or if the charter of any such corporation shall or has heretofore expired, or be, or has been canceled, either by order of the Corporation Commission or by order of any court of competent jurisdiction, dissolving the same it shall be lawful to serve any such corporation, its officers, directors, or trustees, by service upon the Secretary of State, and such service shall be as effective to all intent and purposes as if made upon the president or head officer of such corporation. * * *"

From the language of that section, we must conclude that the petitioner's action in Bryan county, which was already in progress at the time of the dissolution, did not abate upon the dissolution.

Section 569, O. S. 1931, provides as follows:

"No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant."

In construing that section, this court, in Oklahoma Natural Gas Co. v. McFarland, 143 Okla. 252, 288 P. 468, held:

"The rule of the common law that upon the dissolution of a corporation a pending action at law, to which the corporation is a party, thereupon abates, has no application in the state of Oklahoma."

"By virtue of section 5361, C. O. S. 1921, a pending action, to which a corporation is a party litigant, does not abate upon the dissolution of the corporation in the sense that continuance thereof requires revival under the provisions of our Code of Civil Procedure, but may be continued and prosecuted to final adjudication in the corporate name, with the board of directors or managers constituting the trustees of the corporation, unless other persons shall be appointed, with the power of management of such litigation to finality."

In that case it was further held that while the action survived it was not subject to our law of revival. That holding is supported by the holding in the case of Oklahoma Natural Gas Co. v. Oklahoma, 273 U. S. 257, 47 Sup. Ct. 391, 71 L. Ed. 634, wherein motion was pending for substitution of the name of the successor for

that of the dissolved plaintiff. That court said:

"We have found no Oklahoma case that construes this provision with reference to the question now before the court. The language of the section would seem to indicate that, as there is to be no abatement, the Oklahoma Natural Gas Company, for litigating purposes, is still in being and continues to be a party before this court."

We must conclude that the petitioner's suit in Bryan county did not abate and was not subject to the law of revivor in this state.

If the court had had jurisdiction to proceed to judgment in the case, were the attachments sued out and the levies upon the lands of the Federal Surety Company after its dissolution valid, and is the judgment of the district court of Bryan county sustaining the attachment proceedings and rendering a money judgment against the Federal Surety Company a valid judgment? The judgment was not a default judgment as to the Federal Surety Company, but upon issues formed by its answer. The suit in Bryan county was filed and summons was served upon the Federal Surety Company before the dissolution of the company by the district court in the state of Iowa.

The dissolution of the Federal Surety Company was not a voluntary act on its part, but was upon application of the Attorney General of the state of Iowa. The assignment of the property of the dissolved corporation to the receiver was also a judicial act.

In Reynolds v. Adden et al., 136 U. S. 348, 34 L. Ed. 360, that court said:

"Every state exercises to a greater or less extent, as it deems expedient, the comity of giving effect to the insolvent proceedings of other states, except as it may be compelled to give them full effect by the Constitution of the United States. Where the transfer of the debtor's property is the result of a judicial proceeding, as in the present case, there is no provision of the Constitution which requires the courts of another state to carry it into effect; and, as a general rule, no state court will do this to the prejudice of the citizens of its own state"

—and held:

"Transfers of a debtor's property by insolvent proceedings in another state are not binding in Louisiana upon its citizens or the citizens of any state except the one in which the insolvent proceedings took place, at least until the assignee has reduced the property into possession."

"A resident and citizen of New Hampshire is not concluded by insolvent proceedings in Massachusetts, so as to prevent him from attaching the insolvent's property in Louisiana."

The rule is also stated in Pomeroy's Equity Jurisprudence, vol. 5, page 544, sec. 253 ( Pomeroy's Equitable Remedies, vol. 1), as follows:

"Difficult questions often arise where the attaching creditors in the local state have attached after the appointment of the receiver in the domiciliary state. If the receiver has obtained possession, his possession should be protected. His possession is in the nature of a property right, and is held so to be almost universally. But where the receiver has not yet collected the fund or taken the property into his possession, and creditors or others have obtained rights or liens upon the property or fund in the state where it is situated, some distinctions must be observed. If the appointment of the receiver is involuntary, especially in aid of a statutory judicial proceeding, the prevailing doctrine seems to be that, where the rights of domestic creditors are involved, the assignment will not be recognized outside of the jurisdiction of appointment."

In Commercial National Bank of Columbus v. Motherwell Iron & Steel Co. et al., 95 Tenn. 172, 29 L. R. A. 164, that court held:

"A receiver appointed by the courts of one state cannot sue in another state to recover property belonging to the estate which has never been in his possession."

—and said:

"It is true, the petition for the dissolution of the corporation was filed on the 6th of July, 1892, and this judgment was confessed afterwards, to wit, on the 20th of July. It is only against the receiver and creditors of the corporation that such judgment is by the statute declared void. We are of opinion that this statute is only operative in Ohio in favor of the receiver, and in respect of property situated in that state. The chattels in controversy were in the state of Tennessee, and subject to its laws, when these attachment proceedings were begun, and, being the property of the Motherwell Iron & Steel Company, were subject to complainant's judgment, and the lien of complainant's attachment is in no wise affected by the proceedings that transpired in Ohio."

In Security Trust Co. v. Dodd et al., 173 U. S. 625, 43 L. Ed. 835, that court was again considering a similar proposition as here presented, and said:

"So far as the courts of other states have passed upon the question, they have gen-

erally held that any state law upon the subject of assignments, which limits the distribution of the debtor's property to such of his creditors as shall file releases of their demands, is to all intents and purposes an insolvent law; that a title to personal property acquired under such laws will not be recognized in another state, when it comes in conflict with the rights of creditors pursuing their remedy there against the property of the debtor, though the proceedings were instituted subsequent to and with notice of the assignment in insolvency."

We have said that the appointment of the receiver by the district court of Carter county dated only from March 14, 1932. As has been shown herein, the attachment proceeding against the property of the dissolved corporation was issued from the district court of Bryan county on October 28, 1931, and the judgment of that court was rendered on March 12, 1932. From the authorities here cited, we must conclude that the district court of Bryan county acted within its jurisdiction and authority in rendering the judgment; that that judgment is valid and in full force and effect, and that it constitutes a 'lien upon the property so attached and described therein. The receiver took the property here involved subject to the liens acquired before his right or title became vested, and the property should remain in the hands of the sheriff for the purpose of enforcing the lien. 53 Corpus Juris, page 129, sections 158, 159; State ex rel. Nenzel et al. v. Second Judicial District et al., supra.

It appears that an intolerable and irreconcilable conflict of jurisdiction exists between the two courts, and that the alleged lack of jurisdiction has been duly presented to each court.

It is ordered that the district court of Bryan county proceed under its jurisdiction in the cause, and a writ of prohibition is ordered to issue to the district court of Carter county and to Asa E. Walden, judge of the district court in said county, prohibiting any further or other proceedings in said court tending to interfere with the jurisdiction of the district court of Bryan county in its dealings with the property here involved.

CULLISON, V. C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.