## RAY v. J. I. CASE PLOW WORKS CO.

No. 22603. Oct. 30, 1934.

Rehearing Denied Nov. 20, 1934.

Erwin & Erwin, for plaintiff in error.

Robert Burns and Lynn Adams, for defendant in error.

OSBORN, J. Appeal by T. H. Ray, hereinafter referred to as defendant, from an order of the district court of Oklahoma county overruling a motion to abate a judgment pending in said court.

The J. I. Case Plow Works Company, hereinafter referred to as plaintiff, on February 4, 1926, recovered a judgment in the district court of Oklahoma county against defendant in the sum of $3,370.35. On June 9, 1930, defendant filed his motion to dismiss and abate the judgment on the ground that the plaintiff corporation had been legally dissolved about July 28, 1927, and the judgment thereby became dormant, and that no proceedings were had to revive the judgment.

Section 5361, C. O. S. 1921, as amended by chapter 25, Session Laws 1927 (sec. 9788, O. S. 1931), in part, provides:

"Unless other persons are appointed by the court, the directors or managers of the affairs of such corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation, and to collect and pay debts and divide among stockholders the property which remains after the payment of debts and necessary expenses; and for such purpose may maintain or defend actions in their own names by the style of the trustees of such corporation dissolved, naming it; and no action whereto any such corporation is a party shall abate by reason of such dissolution."

In the case of Oklahoma Natural Gas Co. v. McFarland, 143 Okla. 252, 288 P. 468, it is said:

"The rule of the common law that upon the dissolution of a corporation pending action at law, to which the corporation is a party, thereupon abates, has no application in the state of Oklahoma.

"By virtue of section 5361, C. O. S. 1921, a pending action, to which a corporation is a party litigant, does not abate upon the dissolution of the corporation in the sense that continuance thereof requires revival under the provisions of our Code of Civil Procedure, but may be continued and prosecuted to final adjudication in the corporate name, with the board of directors or managers constituting the trustees of the corporation, unless other persons shall be appointed, with the power of management of such litigation to finality."

The above rules were approved by this court in the case of State ex rel. v. Walden, 167 Okla. 144, 28 P. (2d) 546. A similar interpretation of the statute is found in the case of Oklahoma Natural Gas Co. v. Oklahoma, 273 U. S. 257, 47 S. Ct. 391, 71 L. Ed. 634.

Under these authorities it is clear that under our statute a proceeding in which a corporation is a party does not abate upon the dissolution of the corporation, and no revival of said action is necessary, and the directors or managers of the affairs of the corporation, at the time of its dissolution, or their successors, have full authority to continue the prosecution of such an action to the same extent as if the corporation had never been dissolved. The same authority so granted would also extend to the enforcement and collection of a judgment in force at the time of such dissolution.

It is shown that on March 13, 1928, the J. I. Case Plow Works Company, after the dissolution above referred to, reorganized under a different name, and that the officers, stockholders, and owners of the two corporations are the same, and that the new corporation is the owner of all the assets, bills receivable, accounts and property, including the judgment involved herein, originally belonging to the original corporation. Upon the reorganization of the new corporation, the officers succeeded to all the powers, duties, and responsibilities of the officers of the dissolved corporation, and are vested with full authority to proceed to enforce and collect the judgment involved herein.

Having taken this view of the matter, it is unnecessary to consider various other legal propositions raised by the parties.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur. CULLISON, V. C. J., and ANDREWS and WELCH, JJ., absent. BUSBY, J., not participating.