## GIBSON CO., Inc., v. OKLAHOMA TAX COMMISSION et al.

No. 27128. April 6, 1937.

Rehearing Denied April 27, 1937.

Roddie & Beckett, for plaintiff in error.

C. D. Cund and C. W. King, for defendants in error.

GIBSON, J. This case originated in the Oklahoma Tax Commission and involves the authority of that commission to cancel the license of a motor fuel distributor for alleged nonpayment of the gasoline excise tax due the state under the provisions of chapter 66, art. 9, S. L. 1931, as amended by chapter 111, S. L. 1933.

Under the statute (section 12558, O. S. 1931) the distributor is required to make monthly reports of, and to remit to the commission, the amount of excise tax collected. In its monthly reports for August and September, 1935, the distributor in the instant case sought to offset or to deduct from the current amount due certain sums alleged to have been erroneously paid under its reports for former periods dating back as far as 1931.

The commission disallowed the credit and, pursuant to the statute, cited the distributor, the respondent herein, to appear and show cause why its license should not be canceled for violating the provisions of the act by selling or offering for sale motor fuel while delinquent in the payment of the excise tax.

Upon hearing had, the commission entered its order canceling the license, and this appeal followed.

The respondent contends that the Tax Commission is without jurisdiction to cancel the license; that the statute does not authorize a cancellation for the reasons stated in the citation. It is here asserted that although section 5 of the 1933 act authorized the commission to cancel the license of any distributor who violates any of the provisions of the act, the particular portion thereof, section 9, making it unlawful to sell or offer for sale any motor fuel while the distributor is delinquent in the payment of the excise tax, makes special provision for dealing with the seller in such case and does not provide that his license may be canceled for that particular violation.

It is said that section 5 applies generally to all violations of the act and authorizes cancellation of the license for such violations, but where a particular section deals specifically with a certain violation and provides penalty therefor, as section 9 in the instant case does, that the particular section must apply to the exclusion of the general provision. In support thereof the respondent cites Muskogee Times-Democrat v. Board of Commissioners, 76 Okla. 188, 184 P. 591; Oklahoma Natural Gas Co. v. McFarland, 143 Okla. 252, 288 P. 468; Mur-

row Indian Orphans' Home v. Featherstone, 85 Okla. 150, 204 P. 1110.

Section 9, as contended, does provide a remedy for the state where the dealer is delinquent and sells or offers for sale any motor fuel. The commission, after demand, may maintain an action in the name of the state to recover the tax with 25 per cent. penalty, and may enjoin the dealer from continuing business. But the rule here sought to be invoked does not apply. Section 9 makes it unlawful for a distributor to sell or offer for sale any motor fuel while he is delinquent in the payment of the excise tax; and section 5 authorizes the commission to cancel his license for any violation of the act. This is merely cumulative to the right to collect the tax and to enjoin further operation of business. The act must be considered as a whole. Each section is not to be considered as a separate enactment, but the remedy of cancellation applies to all violations therein enumerated unless clearly limited to specific violations. The rule announced in the above decisions applies in cases where there exist two separate enactments, one general and the other special. Here there is but one act, and its provisions apply specially to the matter in controversy in the case.

The respondent next says that if the foregoing construction is to be placed upon section 5, said section is unconstitutional in that the action of the commission would result in depriving the licensee of his property without due process of law. In this connection it is said that the commission, in order to cancel the license, must find the respondent guilty of the violation of some statute; that here the commission has presumed to find respondent guilty without complaint filed against it, and without an opportunity to be confronted by witnesses. It is further urged that in any event the commission's action in the present case was arbitrary and unreasonable. Complaint is made that respondent was not allowed to introduce evidence in its defense and that the commission acted without "fair, solid and substantial cause, and without reason given."

No citation of authority is offered in support of the foregoing contentions. The statute in question is merely a measure classifying property for the purposes of taxation, coupled with authority in the Oklahoma Tax Commission to regu"ate the collection of the tax thereby imposed. The authority to regulate includes the duty to license the dealers who are charged with collecting and remitting the tax. We know of no legal reason why licensing for such purpose would be improper. Since a license is a mere privilege and is neither a contract nor a property or vested right, it may be revoked at any time for due cause, especially where, as in this case, the statute so authorizes; and such statutes are not unconstitutional as depriving the licensee of his property, immunity, or privilege without due process of law. 37 C. J. 246, sec. 109.

The licensee here has shown that it has not remitted all its tax collections for August and September, 1935. If it is not entitled to the deductions claimed in its monthly reports as a matter of law, the duty then rests upon the commission to cancel its license. If the deduction is illegal, the tax returns show upon their face that the licensee is delinquent in payment of the tax, and the record is clear that the licensee has continued for some time to offer for sale and to sell motor fuel after such delinquency, and that act constitutes a statutory ground for revocation of the license. Its complaint, therefore, that it has been denied a proper hearing is without merit.

The respondent bases its right to deduct overpayments for previous periods from its current remittances upon the theory that it is not a taxpayer but, under the statute, is merely an agent of the state for the purpose of collecting the tax. Its contention is that it is not bound by its mistakes as an agent in the same manner as is the ordinary taxpayer when an overpayment of taxes is made. It is here urged that the respondent is not subject to the rule obtaining in some jurisdictions that a tax is not subject to counterclaim or set-off, or to the rule in this state that "taxes [voluntarily] paid cannot be recovered * * * unless * * * paid under a mistake of fact and not of law." Johnson v. Grady County, 50 Okla. 188, 150 P. 497.

By section 3 of the 1933 act, every distributor is made an agent of the state for the purpose of collecting the tax and remitting same to the state. The consideration for this service to be rendered is declared by that section to be included in the 3 per cent. deduction allowed the distributor under the provisions of section 12527, O. S. 1931; and an acceptance of the license is made to constitute an acceptance of the agency.

The respondent, in view of the foregoing provisions of the statute, takes the position that the controversy here is merely one arising from an accounting between principal and agent, and therefore it should be

given credit for sums previously paid to and not due the state as the principal.

While the relationship of principal and agent apparently does exist between the state and the distributor, the rules governing accounting in the ordinary case cannot apply to the situation here in the absence of express statutory authority. The entire statutory arrangement, to all of which the respondent has agreed, places the licensee in the position of the taxpayer and makes him subject to all the taxpayer's rights and liabilities. He is made primarily responsible to the state for the payment of the tax.

In due consideration of the state's power of taxation and the purposes for which it exists, a contrary construction of the statute would constitute an unwarranted interference with that power. The tax here is levied and collected for specific purposes, and the collections for each monthly period are placed by the commission in the proper governmental channels to be used for the purposes named in the statute. If the respondent, the one liable for the tax, were allowed to deduct from its current remittances sums representing taxes erroneously paid in previous periods, the result would be to divert taxes already appropriated to specific purposes. Our attention has been directed to no jurisdiction wherein such procedure has been countenanced as an established right. See 26 R. C. L. 378, sec. 337. See, also, annotations, 11 A. L. R. 1177; 41 A. L. R. 1110.

The payment here was voluntary and occurred by reason of the respondent's own neglect of duty in not making correct returns to the commission. It has been held that under such circumstances the law furnishes no relief to the taxpayer. Louisiana Realty Co. v. City of McAlester, 25 Okla. 726, 108 Okla. 391. In any event, the respondent must look elsewhere for his remedy; it is not entitled to claim the deductions in this proceeding.

The question of the commission's authority to make adjustments and refunds where the money to be refunded or credited to the taxpayer has not been disbursed and remains under the commission's control, is not involved here.

Our attention is called to the case of Gulf Refining Co. v. McFarland (La.) 103 So. 17, wherein it was held that a taxpayer who had paid taxes erroneously under an inapplicable statute was entitled to credit for such payment when paying the tax for the same period under the proper statute.

That case is not in point. Here the credit was claimed for overpayment made in former periods extending back to 1931. The commissioner is without statutory authority to allow such credits.

In view of the apparent good faith of the licensee in the instant case in claiming the deductions, its license should be reinstated upon payment of the amounts due.

The judgment of the commission is accordingly affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, BUSBY, PHELPS, CORN, and HURST, JJ., concur. WELCH, J., absent.