## STATE ex rel. TAX COMMISSION v. FUGATT et al.

No. 26881. June 22, 1937.

C. D. Cund and A. L. Herr, for plaintiff in error.

Clyde J. Watts, for defendant in error National Surety Corporation.

WELCH, J. This cause presents an appeal from the district court of Oklahoma county, where a demurrer was sustained to the testimony offered on the part of the Oklahoma Tax Commission in an action against a gasoline distributor and the surety on his bond for recovery of gasoline excise tax alleged to be due the state from such distributor.

There was evidence before the court to the following effect: Fugatt had during the time involved, to wit, from August 4, 1931, to May, 1935, been a duly licensed distributor of gasoline under bond of $3,000 executed by National Surety Corporation, as provided by the gasoline tax laws of this state, section 12557, O. S. 1931, and section 5, chapter 111, S. L. 1933; that during such period of time said distributor, as the agent of the state of Oklahoma, and obtained from tax-free sources such number of gallons of gasoline as if the same had been disposed of for taxable use, would have rendered the distributor liable to the state for something over $64,000; that during such period of time such distributor had remitted to the state a sum slightly in excess of $25,000. There was further evidence to the effect that over the period of time involved the distributor had made monthly reports and remittances to the Tax Commission, such reports being on forms prepared by the Tax Commission and furnished to the distributor for such

purposes. These forms, among other things, provided for disclosure on the part of the distributor of all disposals of gasoline, including all loss of gallonage through storage, etc.

Remittances had accompanied such reports for the amount of tax shown to be due by each report, except the last two reports. and an eight-day period thereafter for which no report was made, which it is not claimed had been paid, in the total sum of $3,903.08. There was also testimony to the effect that taxable sales had been traced to such distributor of some 103,000 gallons in excess of the total taxable sales reported. The distributor had also filed what was designated as a supplemental report covering the period from June 31, 1933, to March 31, 1935, wherein a refund of $2,379.76 was claimed for losses in handling over such period, which had not been reported or included in the previous reports.

It seems that the distributor and the surety admitted liability for the difference between the $3,903.08 above named and the $2,379.76 claimed as refund, but asserted that the evidence was insufficient to support a further judgment. The trial court appeared to adopt this theory, sustaining a demurrer as to any further amount, and allowing judgment against the distributor and the surety for something in excess of $1,500, as the difference in such figures.

The Tax Commission urges here that the evidence before the trial court was sufficient to make a prima facie case for further judgment in its favor, and that the filing of the monthly reports by the distributor and the auditing thereof by the Tax Commission did not amount to a judicial or quasi-judicial determination of the amount of tax money due from the distributor at each period reported. The surety has furnished us with brief representing the contrary views. The distributor has not briefed the case in this court.

It is our view that there is sufficient evidence to make a prima facie case for the recovery of further judgment. We think the showing made by the Tax Commission is sufficient at least to support a judgment for the $3,903.08, and the amount of the tax to be calculated on the 103,000 gallons of taxable gasoline which the testimony shows to have been sold by the distributor in excess of the total number of taxable gallons sold as disclosed by his reports, unless the filing and auditing of

such reports operated as a final determination of the amount due, in accordance with the theory of the distributor and the surety.

It is contended that, because the distributor filed monthly reports, and because the Tax Commission checked or audited such reports for their correctness, the act of auditing and correcting the same amounted to a quasi-judicial determination of the amount of the tax, due, and became conclusive upon the state. The cases of Champlin v. Oklahoma Tax Commission, 163 Okla. 185, 20 P. (2d) 904, and State ex rel. v. Sinclair Prairie Oil Co., 171 Okla. 498, 41 P. (2d) 876, are cited as authority in this connection. In the Champlin Case, supra, we observe that the statute specifically gave the State Auditor authority to revise income tax returns, and to notify of such revision within a specified time. He is specifically authorized by statute to determine all disputes arising from such revision after the same is made, and he is thereby given power to correct and adjust such assessments of income, similar to the authority given by law to the county boards of equalization in cases of assessment of property for ad valorem taxes; and the right of appeal from his determination is given, similar to appeals from county boards of equalization. In that case there was involved the question of assessment of additional income tax. Here is involved the question of an accounting by a tax collecting agent of the state, and payment by him as a taxpayer of the tax due. Gibson Company, Inc., v. Oklahoma Tax Commission, decided April 6, 1937, 180 Okla. 53, 68 P. (2d) 87.

In the Champlin Case, supra, 163 Okla. at page 189, it is said:

"The comprehensive procedure provided by our statutes contemplates a complete determination of the issues involved in connection with each return by an individual taxpayer within a limited time after the return is filed. It provides for an appeal from a decision of the auditor."

No similar statutory provisions relating to the payment and collection of excise tax on gasoline are pointed out. It is true the statutes provide that a monthly report shall be filed by the distributor and the tax which the distributor has collected for the state shall be paid to the Tax Commission. Section 12558, O. S. 1931. It is likewise true that the Tax Commission checked and audited such reports so filed herein, but the record and

the briefs before us fail to point out where there was in fact any' complete hearing, after notice, had in connection with any of the reports, or any law indicating an intent on the part of the Legislature to authorize any person to finally adjust and judicially examine and finally determine the amount of tax which may be due to the state from the gasoline distributor.

We note the language in the Champlin Case, supra, concerning the desirability of the finality of adjudication in tax assessment matters. It would appear, however, that in such cases as there presented the Legislature had made some provision for arriving at a final determination of the amount of income tax assessments. We do not find any similar legislative provisions in cases such as the present one. If it be true that the law in this regard casts an excessive burden upon certain persons, that would not justify this court in holding with the defendant's contention.

The monthly statement relates to the amount of money which the agent has collected for the benefit of the state, and is accompanied by a remittance. The examination and auditing by an employee of the Tax Commission and the checking of the figures with the remittance is largely clerical in its nature. We cannot hold that such an act amounts to a judicial determination of the amount due, and is a final and conclusive determination against the state.

It is to be observed in the instant case that neither the distributor nor the Tax Commission considered the report so filed and audited as final. The distributor filed a supplemental report covering the last two years of the period. His last two reports upon his own theory disclosed and admitted liability of something near $3,900, yet, in spite of his contention, he sought to avoid a part of this admitted liability by a readjustment of his reports for the immediately preceding two years.

In the Sinclair Prairie Case, supra, it is admitted that the State Auditor had the same powers to finally determine the amount of the gross production tax due as existed under the determination in the Champlin Case, supra. In addition to that, we observe from the Sinclair Case the statutory provisions clearly warranting the conclusion therein reached.

Having concluded that the evidence made a prima facie case in favor of the state for further judgment, and having concluded, further, that the evidence did not disclose a final or quasi-judicial determination of the amount of tax money due from the distributor to the state, the cause is reversed, and remanded, with directions to the trial court to proceed further in any proper manner not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY and BUSBY, JJ., absent.