WARD v. OKLAHOMA STATE BANK OF ATOKA..

No. 5694.   Opinion Filed September 14, 1915.

(151 Pac. 852.)

1.  **BANKS AND BANKING—Bank Commissioner—Assets—Claims and Defenses.** Where the Bank Commissioner assumes possession of a state bank, he does not take the assets thereof for value and without notice, but subject to all claims and defenses that might have been interposed against the bank had it continued under its corporate management.

2.  **BILLS AND NOTES—"Holder in Due Course"—Purchase from Bank Commissioner.** One who acquires a promissory note by purchasing the assets of an insolvent state bank from the Bank Commissioner is not the holder thereof in due course.

(Syllabus by Bleakmore, C.)

*Error from District Court, Atoka County;*
*J. H. Gernert, Special Judge.*

Action by the Oklahoma State Bank of Atoka against J. E. Ward. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. M. Humphreys,* for plaintiff in error.

*Linebaugh Bros. & Pinson,* for defendant in error.

Opinion by BLEAKMORE, C. This is an action on a promissory note, commenced in the district court of Atoka county by the Oklahoma State Bank as plaintiff, against J. E. Ward, defendant. The parties will be referred to as they appeared in the trial court. The note in question was exe-

cuted on June 20, 1910, payable to the order of the Farmers' State Bank of Tushka, on demand, and bore a notation showing payment of interest thereon to January 15, 1911.    The Bank Commissioner took possession of the Farmers' State Bank of Tushka, and sold said note, together with other of its assets, to the plaintiff about April 5, 1911.    Defendant admitted the execution of the note but pleaded demand by, and payment to, said payee bank on November 1, 1910.    The cause was tried to a jury, which, under direction of the court, returned a verdict for plaintiff.

Defendant was a depositor in the insolvent payee bank, and offered to prove that the note in suit was paid and the amount thereof charged to his account in said bank as shown by his passbook.    Such evidence was excluded as incompetent, upon the theory that the plaintiff was the holder of said note in due course, against whom such defense was not available.    This action of the court is assigned as error.

The statute prescribes the condition under which the Bank Commissioner shall take possession and wind up the affairs of an insolvent state bank; section 304, Rev. Laws 1910 (section 324, Comp. Laws 1909), providing:

"The Bank Commissioner shall take possession of the books, records and assets of every description of such bank or trust company, collect debts, dues and claims belonging to it, and upon order of the district court, or judge thereof, may sell or compound all bad or doubtful debts, and on like order may sell all the real or personal property of such bank or trust company upon such terms as the court or judge thereof may direct, and may, if necessary, pay the debts of such bank or trust company, and enforce the liabilities of the stockholders, officers and directors:  Provided, however, that bad or doubtful debts

as used in this section shall not include the liability of stockholders, officers or directors."

Considering the rights of the Bank Commissioner under the foregoing section, this court, speaking through Judge Brewer, in *Brisco v. Hamer et al.*, 50 Okla. 281, 150 Pac. 1101, said:

"In this situation of the law, it seems to us that the position of the Bank Commissioner in taking charge and collecting the assets of a failed bank is quite analogous to that of a receiver or trustee in bankruptcy, or of an assignee for the benefit of creditors. As we understand the law, a receiver, an assignee, or a trustee in bankruptcy, takes the estate of an insolvent as he finds it, and succeeds to the rights of and only to such rights as the insolvent had at the time of the adjudication of his insolvency."

See, also, *Lawson v. Warren*, 34 Okla. 94, 124 Pac. 46, Ann. Cas. 1914C, 139.

Section 5234, R. S. U. S. (U. S. Comp. St. 1913, section 9821), authorizing the appointment of a receiver for a national bank by the Comptroller of the Currency, defines his rights and duties in language almost identical with that employed in our statutes, *supra*, relative to those of the Bank Commissioner. The federal Supreme Court, in *Scott v. Armstrong*, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1049, speaking of the rights of such receiver, said:

"The receiver took the assets of the fidelity bank as a mere trustee for creditors, and not for value and without notice, and, in the absence of statute to the contrary, subject to all claims and defenses that might have been interposed as against the insolvent corporation before the liens of the United States and of the general creditors attached."

In *People's State Bank of Lakota v. Francis et al.,* 8 N. D. 369, 79 N. W. 853, it is held:

"Where a receiver is placed in charge of the assets of a national bank, he stands, as to such assets, in the place of the bank, and is chargeable with knowledge of all facts known to the bank affecting the character of such assets."

Cases may arise in which the Bank Commissioner can assert rights that an insolvent bank of which he has taken possession could not enforce, but the instant case involves no such principle. The plaintiff bank acquired the note in question from the Bank Commissioner, who, as we have seen, was not a holder in due course; and its rights as purchaser and holder thereof are in no way superior to his.

By virtue of the statute above quoted, the Bank Commissioner could sell the property of an insolvent bank only upon order of the district court or the judge thereof. Such sale, like the sale of the property of an insolvent national bank by a receiver, is a judicial sale (*In re Third National Bank* [D. C.] 4 Fed. 775) ; and the purchaser of the commercial paper at a judicial sale is not regarded as a holder in due course (7 Cyc. 927, and cases cited).

It follows that there was prejudicial error in excluding the evidence offered by the defendant, for which the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.