## BANK OF WOODWARD v. ROBERTSON.

No. 15481—Opinion Filed June 23, 1925.

1. **Banks and Banking—Failed Banks— Assets Taken Over by Bank Commissioner Subject to Claims and Defenses.**

Where the Bank Commissioner assumes possession of a state bank he does not take the assets thereof for value and without notice, but subject to all claims and defenses which might have been interposed against the bank had it continued under its corporate management.

2. **Same—Rights to Set-Off Against Note Owed Bank.**

At and prior to the failure of a state bank the plaintiff owed it a promissory note of $200 and at the same time the bank owed the plaintiff $725.27. In a suit by the plaintiff against a bank which had purchased the assets of the insolvent bank the plaintiff was entitled to set off what the insolvent bank owed him against his note, said sums being mutual debts existing at the time the State Bank Commissioner took over the insolvent institution.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Woodward County; J. C. Robberts, Judge.

Action by J. B. Robertson against the Bank of Woodward. From judgment in favor of plaintiff, defendant brings error. Affirmed.

O. C. Wybrant and Horton & Horton, for plaintiff in error.

Sherman M. Smith and Lyle E. Goodwin, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, as plaintiff, instituted this action against the plaintiff in error, as defendant, to recover the sum of $278.72, together with interest thereon.

The parties will be referred to as they appeared in the trial court.

Briefly stated, the facts are as follows:

On the 15th day of January, 1923, the plaintiff herein had on deposit in the Central Exchange Bank of Woodward $725.27, and on the same day the plaintiff delivered to the said bank his promissory note in writing whereby he promised to pay to the order of the Central Exchange Bank, upon demand, $200, with interest at 10 per cent. from maturity until paid.

The $200 represented by the note was not paid to the plaintiff in cash nor any part thereof, but was credited to his account on the books of the Central Exchange Bank and entered upon the plaintiff's pass book showing that the plaintiff had on deposit with the said bank the unsecured sum of $925.27, being the $725.27 of plaintiff's deposit prior to the execution of the note, and $200, evidenced by the note in question.

On the next day after the plaintiff executed this note, and on January 16, 1923, the Central Exchange Bank closed its doors and became insolvent, and on the same date all of its assets became the property of the Bank Commissioner of the state for the purpose of liquidation.

On the 23rd day of February, 1923, the Bank Commissioner sold to one L. C. Kelly all the assets of said defunct bank, and thereafter the defendant, Bank of Woodward, on March 10, 1923, was organized under the laws of the state of Oklahoma as a banking corporation, and upon its organization it purchased all the assets sold to the said L. C. Kelly, upon the same terms and conditions as the same were purchased by the said Kelly from the Bank Commissioners.

It appears that the said Kelly was one of the organizers, and an officer of the defendant, Bank of Woodward.

It appears that the purchase money paid for the said assets amounted to 50 per cent. of the unsecured deposits in said defunct bank, and that the defendant, Bank of Woodward, placed to the credit of each unsecured depositor in the said Central Exchange Bank a sum of money equal to 50 per cent. of said deposit.

It further appears that this arrangement was satisfactory to a large number of the depositors, including the plaintiff.

Plaintiff alleged in his petition that 50 per cent. of $725.27 is $362.63, which amount is due the plaintiff from the defendant, Bank of Woodward.

It appears that the plaintiff drew his check for $83.91, against his account, which was paid, and later presented his check to the defendant, Bank of Woodward, for the balance due him of $278.72, and demanded

payment of the same and that the defendant bank, through its officers, refused to pay the same.

The defendant bank in its answer says that 'after this check for $83.91 was drawn upon plaintiff's account and after the said note was charged off as against the unsecured deposit of plaintiff, that it left on deposit to the credit of plaintiff and subject to his check the sum of $175.40, which it claims is the total sum due the plaintiff by virtue of the transaction, and that the defendant bank tenders into court or to the plaintiff the said sum of $175.40.

Upon the close of the evidence in the case the court directed a verdict in favor of plaintiff for the amount sued for in his petition.

Motion for new trial by the defendant bank was overruled and judgment rendered that the plaintiff have and recover of and from the defendant the sum of $278.72, together with interest thereon at 6 per cent. from August 21, 1923, together with costs of the action.

To this judgment and ruling of the court the defendant excepted and the case has been duly appealed by the defendant bank to this court.

The first assignment of error discussed by the defendant bank is that the trial court erred in not holding that the $200 note was an asset of the Central Exchange Bank and that it was sold to the defendant bank as part of the assets of the Central Exchange Bank, and therefore was a collectible obligation against the plaintiff.

The plaintiff pleaded, in his amended reply and answer to the defendant's answer, failure of consideration for which the said note was given, and also pleaded, in a separate paragraph, a second defense in the way of a set-off, and asked that the said $200 deposit on the books of the insolvent bank be adjudged a set-off and counterclaim against the $200 demand note, and that the same be canceled.

"Even if defenses are inconsistent, unless expressly prohibited by statute, they may still be united in one answer and the pleader cannot be compelled to elect between such defenses." Covington et al. v. Fisher, 22 Okla. 207, 95 Pac. 615.

It must be conceded that at the time the $200 note was executed and plaintiff's account credited with that sum the Central Exchange Bank was in an insolvent condition. The note was executed on the 15th day of January and the bank closed its doors on the 16th day of January, 1923.

Defendant, in its brief, says that:

"As a matter of fact there was no money to pay Robertson (plaintiff) or anybody else in the bank at the time of its failure; but the books show that Robertson had $925.27 * * * part of which was the proceeds of this note which he had borrowed from the bank, and had placed to his credit; that is all there is in this case."

So that it appears that while the books of the Central Exchange Bank showed a credit to the plaintiff of $925.27 at the time said bank closed its doors on the 16th day of January, 1923, as a matter of both law and fact no such credit was in existence, and therefore there was no consideration for the note in question.

It is well settled that one who purchases the assets of an insolvent bank from the Bank Commissioner cannot be an innocent purchaser.

In the case of Ward v. Oklahoma State Bank of Atoka, 51 Okla. 193, 151 Pac. 852, the syllabus reads as follows:

"Where the Bank Commissioner assumes possession of a state bank he does not take the assets thereof for value and without notice, but subject to all claims and defenses that might have been interposed against the bank had it continued under its corporate management.

"One who acquires a promissory note by purchasing the assets of an insolvent state bank from the Bank Commissioner is not the holder thereof in due course."

In Steelman v. Atchley, 98 Ark. 294, 135 S. W. 902, the court said:

"Assignees and receivers of insolvents are not regarded as purchasers for value without notice but rather are personal representatives of the insolvents and standing in their shoes as far as their assets are concerned, and take same subject to set-offs, liens, and incumbrances, as they existed at the time of their appointment."

The evidence in the lower court established, without controversy, the mutual relation of debtor and creditor existing between the Central Exchange Bank and the plaintiff, Robertson, at the very time the Central Exchange Bank became insolvent. The evidence is beyond dispute that at that time it owed the plaintiff $925.27, on the general checking account, and at the same time the plaintiff owed the said bank his $200 demand note.

Under such a state of facts the language used in Steelman v. Atchley, supra, is peculiarly applicable:

"That the relation between the bank and a general depositor, being that of a debtor and creditor, if the bank becomes insolvent a depositor who is also indebted to the bank may set-off the amount of his deposit in an action by a receiver or assignee of the bank to recover on the indebtedness due the bank."

In the instant case the Bank Commissioner in taking charge and collecting the assets of a failed bank occupies a position analogous to that of a receiver (Briscoe v. Hammer, 50 Okla. 281, 150 Pac. 1101), and it is clear that the said L. C. Kelly, by purchasing the assets of the defunct bank for a price equal to 50 per cent. of the value of the deposits, would only receive what the Bank Commissioner could convey, and that the defendant, Bank of Woodward, as assignee of Kelly, took title to the assets of the Central Exchange Bank subject to all legal attaching disabilities.

A number of cases are cited in defendant's brief for the purpose of sustaining its proposition to the effect that the defendant bank is entitled to recover on the $200 demand note executed by the plaintiff. These cases, we think, are not applicable, in view of the evidence adduced by plaintiff and uncontradicted by the defendant, Bank of Woodward.

A state of facts is shown by the record which, we think, constitutes a set-off as a matter of law, and under such a situation the court may direct the verdict on its own motion. Cockrell v. Schmitt, 20 Okla. 207, 94 Pac. 521; 38 Cyc. 1563.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 482, §12 (1926 Anno.). (2) 7 C. J. p. 746, §537.