### MOREY et al. v. STATE ex rel. MOTHERSEAD, Bank Com'r.

No. 17483.    Opinion Filed Feb. 7, 1928.

(Syllabus.)

Set-Off and Counterclaim—Insolvent State Bank—Action by Bank Commissioner to Recover on Note and Mortgage as Part of Assets—Right of Defendant to Set Off Indebtedness of Bank to Partnership of Which Defendant Was Sole Owner.

In a suit brought by the State Bank Commissioner against individuals on their promissory note and for foreclosure of a real estate mortgage given by them in security of said note, held by the Bank Commissioner as a part of the assets of an insolvent state bank, and for interest on a prior loan and taxes against such security paid by the Bank Commissioner in protection of said security, and one of said defendants is sole owner of a partnership for which the note was in fact contracted to the knowledge of the bank, to which partnership such bank was indebted at the time of insolvency and payment of interest and taxes under an implied contract for the use of automobiles and for supplies and accessories furnished to the bank, which indebtedness is pleaded as an offset to the extent of such amount as may be found to be due to the bank and adopted by the other defendant, refusal by the trial court to permit said defendant to introduce evidence in support of such offset is reversible error.

Commissioners' Opinion, Division No. 1.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by O. B. Mothersead, State Bank Commissioner, on behalf of May State Bank, insolvent, against Samuel T. Morey et al. on promissory note and for foreclosure of mort-

gage on real estate and for interest on prior mortgage loan and taxes against security paid after insolvency of bank. Judgment for plaintiff, and defendants Samuel T. Morey and Adda R. Morey appeal. Reversed and remanded, with directions.

I'. P. Parker, for plaintiffs in error.

Wade H. Loofbourrow and M. W. McKenzie, for defendant in error.

TEEHEE, C. In the trial court, plaintiffs in error were defendants, and defendant in error was plaintiff. As they there thus appeared, they will here be so designated.

On December 1, 1925, plaintiff recovered a judgment against defendants under two causes of action; the first, on a promissory note of $2,500, with foreclosure of a mortgage on certain real property in the form of a deed; and the second, for certain interest on a prior mortgage indebtedness and certain taxes on the security covered by the mortgage in the first cause of action paid by plaintiff.

The case arose, as established by the evidence, substantially as follows:

On October 19, 1922, defendant Samuel T. Morey, husband of the defendant Adda R. Morey, and V. B. Browne, cashier of the May State Bank at May, Okla., were equal partners in the Morey Motor Company, with its place of business at May. This relationship existed from 1912 to some time in 1923 after the failure of the May State Bank on October 22, 1923. During this relationship, Browne had charge of the financial affairs of the motor company and kept its records at the bank, of which he was the managing officer.

On said date of October 19, 1922, it was necessary for the motor company to raise $6,500 to meet maturing trade acceptances theretofore made in the course of the motor business. To meet this contingency, it was agreed by the partners that Morey should raise $4,000 and Browne $2,500. To carry out the plan, Morey and his wife gave their promissory note for $2,500, here involved, dated October 19, 1922, due October 1, 1923, to R. O. Allen, a party defendant below but not a party on appeal, to whom they also gave a deed to the real property involved in this cause owned by Mrs. Morey as security under a contract with Allen and his wife to reconvey the property to the grantors upon payment of the note. This note with the deed attached Browne sent to the Central Exchange Bank at Woodward, Okla., for discount, but the paper was declined and promptly returned. Thereupon, Browne placed the note with his bank and took a deed from Allen for the Morey property. In this transaction, there was no consideration as between the original parties, and the same was handled through Allen for convenience, as it was the bank's custom to handle such cases as individual transactions to avoid delay in securing corporate indorsement in the negotiation of such paper, since the president of the bank resided at Woodward. Morey also gave his personal note to Allen for $1,500 with certain shares of stock of the May State Bank as collateral, which note was discounted by Browne at the Central Exchange Bank at Woodward. Browne and his wife made a note for $2,500 which Browne discounted at the Interstate Bank at Kansas City, Mo. The funds thus raised were, on October 25, 1922, deposited in the May State Bank to the credit of the Morey Motor Company and by Browne disbursed for the company.

In the transaction in controversy, Browne was acting for the bank, where all the papers were prepared. The note and two deeds were treated as a single transaction on the records of the bank, the journal entry being "Real Estate Loan $2,500," and as a direct loan to the Morey Motor Company, as the credit therefor was made direct to the motor company together with the proceeds from the other two related transactions, as above indicated. In the fall of 1923, before the bank failed, Morey inquired of the bank for the note for the purpose of payment, but was informed by Browne that he did not know where the note was.

On October 22, 1923, the May State Bank failed, whereupon plaintiff took charge thereof for liquidation. Among the assets of the bank were the note and the two deeds pinned together, a further indication of their treatment as a single transaction. On the same date, the fourth annual interest coupon for $300 on the prior mortgage matured. On November 5, 1923, the Morey property was sold for the 1922 taxes for $135.65. To this time such items had theretofore been paid by Mrs. Morey. To protect the security, the liquidating agent of the bank, on April 16, 1924, paid the interest coupon and redeemed the tax certificate, the time of redemption not being disclosed by the evidence, without the knowledge of Mrs. Morey, whose attention had been called to the matured coupon by the mortgage holder. She had not paid this, as she was doubtful of her ownership of the property when she learned that her deed had been placed of record contrary to her understanding of the transaction and that the note could not be found for payment—she

thought she had lost her land and didn't want to lose any more.

In due course of liquidation, plaintiff filed suit against the defendants for recovery on this note, interest and taxes, and for the foreclosure of the mortgage, with the result as indicated. Pending trial, by stipulation of the parties, the 1924 interest coupon on the prior mortgage and the 1923 and 1924 taxes were paid out of the 1924 wheat crop produced on the Morey property, which brought $3,086, of which sum one-half was paid to the court clerk as a trust fund in the cause out of which such payments were made.

The cause was rendered at issue under an amended petition in the usual form in such cases and amended separate answers substantially identical and replies of denial of new matter. The answers in effect admitted the execution of the note and deed, but in avoidance alleged fraudulent representations by Browne, the bank's cashier, in securing the execution thereof; pleaded want of consideration as to Allen and nondelivery and like facts between Allen and the bank; denied that the bank was a holder in due course at the time of insolvency or at any other time by reason of knowledge by its cashier, Browne, of the facts and circumstances under which the note and deed were obtained, and that the transaction was that of the Morey Motor Company and was so understood at the time of execution by said Browne; that as to defendant Adda R. Morey, the note and deed were signed as surety for her husband under fraudulent representations by Browne, the bank's cashier; that prior to maturity they sought to liquidate same, but were prevented from so doing by fraudulent conduct of the officers of the bank, by reason whereof they were thereby discharged from said obligation; that as to defendant Adda R. Morey, the deeds constituted a cloud on the title to her property, and prayed cancellation; that as to defendant Samuel T. Morey, pleaded a set-off of unliquidated demands of the Morey Motor Company against the bank of approximately $7,000 for the use of automobiles by officers of the bank for a long period of time and for supplies and accessories furnished in such use, and that he be permitted to offset any indebtedness found to be due the plaintiff by an equal amount of such demands of the motor company against the bank, which said set-off was adopted as a part of the answer of the defendant Adda R. Morey. The cause was tried to the court without the intervention of a jury, the judgment going against the defendants as above indicated.

The judgment of the trial court is here challenged under several assignments of error, of which we deem it necessary to consider only the second, this being as follows:

"The trial court erred in refusing to permit these defendants to prove the allegations of their set-offs and cross-petitions."

As indicated by the history of the case, the transaction involved was in reality the obligation of the Morey Motor Company to the May State Bank with the individuals connected therewith being the instrumentalities in effectuation thereof. This was clearly established by the records of the bank and the testimony of plaintiff's witness Browne, the bank's cashier, without reference to other and defendants' evidence adduced at the trial. It was so understood by the defendant Adda R. Morey, who doubtless was less experienced in such transactions than the other parties thereto, in which she thought she was but a surety, for when asked by plaintiff, "Why do you object to paying it now?" she replied, "Because we are paying this money in to the bank when the bank owed the Morey Motor Company so much more than they got out of this. If I owed you and you owed me, don't you generally kinda balance your accounts?"

Defendants offered evidence in support of their set-off and that the defendant Samuel T. Morey was the sole owner of the assets of the partnership, which was, upon objection by the plaintiff, refused by the trial court on the theory, as we understand the record, that if there was an obligation of the bank to the Morey Motor Company, that was not a proper set-off against the obligation in controversy, which was thus treated by the court as an independent obligation of the defendants to the bank.

It is of course well settled that:

"Where the Bank Commissioner assumes possession of a state bank, he does not take the assets thereof for value and without notice, but subject to all claims and defenses which might have been interposed against the bank had it continued under its corporate management." Bank of Woodward v. Robertson, 111 Okla. 58, 238 Pac. 844; Ward v. Oklahoma State Bank, 51 Okla. 193, 150 Pac. 852.

It is equally well settled under our relevant statutory provisions that:

"In an action against one upon a contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the

same." Braden v. Gulf Coast Lumber Co., 89 Okla. 215, 215 Pac. 202; McKay v. H. A. Hall & Co., 30 Okla. 773, 120 Pac. 1108, 39 L. R. A. (N. S.) 658; Stauffer v. Campbell, 30 Okla. 77, 118 Pac. 391; Loeb v. Loeb, 24 Okla. 384, 103 Pac. 570; Curlee v. Ruland, 56 Okla. 329. 155 Pac. 1182.

Defendants contend that under this principle of the law they were entitled to offset plaintiff's claim in the manner proffered. To meet this contention, plaintiff replies that the partnership claim is not available as an offset, for that there is, first, a lack of mutuality in the respective claims as between the parties to the action, the Morey Motor Company not having been made a party thereto, and it being the rule at law that mutuality must exist; and, second, that in the absence of statute or specific agreement, a demand against a partner for his individual obligation cannot be offset by a partnership demand.

In support of the first ground, plaintiff relies on several cases by the Territorial Supreme Court and by this court, which, since the adoption of our statutory provisions upon the subject of set-off, considered and construed in Braden v. Gulf Coast Lumber Company, supra, and companion citations, are no longer controlling, or are in the circumstances of the cause in hand without application. In respect to the point that the Morey Motor Company was not made a party to the action, it may be observed that, since the matters in controversy are, under the record, in fact the obligations of the motor company, the proper amendment to conform to the proof will on appeal be regarded as having been made, it appearing that the Morey Motor Company was in fact in court by the defendant Samuel T. Morey, the sole owner of the partnership. Harn v. Patterson, 58 Okla. 694, 160 Pac. 924; Mason v. Slonecker, 92 Okla. 227, 219 Pac. 357; Stuart v. Mayberry, 105 Okla. 13, 231 Pac. 491; Atlas Assurance Company v. Leonard, 108 Okla. 150, 234 Pac. 771.

In support of the second ground, plaintiff relies on cases from other jurisdictions which state the general rule in the premise stated by plaintiff. These cases, however, recognize the well-defined exceptions to the general rule, as where special equities exist and thus render it necessary to do complete equity or to prevent irremediable injustice, as where the plaintiff is insolvent and the off-setting defendant constitutes the partnership, as in this cause. The right of application of such exceptions exists independent of statute. In this jurisdiction it is laid down in the following language:

"The power to allow a set-off of debts by a court of equity exists independent of the statute, where grounds of equitable interposition are shown, such as fraud, embarrassment in enforcing the demand at law, or special circumstances, such as insolvency or non-residence, which render it probable that party will lose his demand and be compelled to pay the demand of the other." Caldwell v. Stevens, 64 Okla. 287, 167 Pac. 610; State Bank of Dakoma v. Weaber, 125 Okla. 186, 256 Pac. 50.

If the cause at bar, therefore, be regarded as not within the purview of the broad application given to our statutory provisions of the right of set-off, clearly such right is controlled by the rule of equity as thus laid down by this court. Thereunder, the right of set-off in this case is allowable on either the ground of the insolvency of plaintiff or by reason of the defendant Samuel T. Morey constituting the partnership, or on both grounds. See, also, Craig v. Henderson, 2 Pa. St. 261, 44 Am. Dec. 193; Holbrook v. Lackey, 13 Metc. (Mass.) 132, 46 Am. Dec. 726; Harris v. Pearce, 5 Ill. App. 622; Hughes v. Trahern, 64 Ill. 48; Slipper v. Stidstone, 5 T. R. 493, 101 Eng. Rep. (Full Reprint) 277.

By reason, therefore, of the existence of these special circumstances, it would appear to be inequitable to coerce payment from these defendants without at the same time requiring the plaintiff to pay that, if any, which it owes the partnership. This would not only do complete equity, but would prevent circuity of action on the part of the defendant Samuel T. Morey in further litigation against the plaintiff and thus enable settlement of the rights of all the parties in the single action.

We thus reach the conclusion that in a suit brought by the State Bank Commissioner against individuals on their promissory note and for foreclosure of a real estate mortgage given by them in security of said note, held by the Bank Commissioner as a part of the assets of an insolvent state bank, and for interest on a prior loan and taxes against such security paid by the Bank Commissioner in protection of said security, and one of said defendants is sole owner of a partnership for which the note was in fact contracted to the knowledge of the bank, to which partnership such bank was indebted at the time of insolvency and payment of interest and taxes under an implied contract for the use of automobiles and for supplies and accessories furnished to the bank, which indebtedness is pleaded as an offset to the extent of such amount as may be found to be due to the bank and adopted by the other

defendant, refusal by the trial court to permit said defendants to introduce evidence in support of such offset is reversible error.

Accordingly, the judgment of the district court is reversed, and the cause remanded, with directions to grant a new trial and for such further proceedings not inconsistent with the views herein expressed.

BENNETT, REID, LEACH, and DIFFEN-DAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 7 C. J. p. 746, §535 (Anno).