SOUTHERN SURETY COMPANY OF NEW YORK et al. v. MANEY et al.

No. 28335. Nov. 18, 1941.

Rehearing Denied Dec. 16, 1941.

Application for Leave to File Second Petition for Rehearing Denied Feb. 3, 1942.

*121 P. 2d 295.*

Murphy & McCutcheon, of Oklahoma City, for plaintiffs in error Southern Surety Company of New York and Louis H. Pink, Superintendent of Insurance.

Ames, Cochran, Ames & Monnet, of Oklahoma City, for plaintiff in error Raymond Knoepfel, receiver for Oklahoma for Southern Surety Company of New York.

Rittenhouse, Webster & Rittenhouse and Holden & Holtzendorff, all of Oklahoma City, for defendants in error.

DAVISON, J. This case is presented on appeal from the district court of Oklahoma county, to review a judgment of said court allowing an equitable set-off to a judgment therein previously rendered.

The first judgment was for the principal sum of $8,500 with interest accrued and accruing at the rate of 8% per annum, and for the further sum of $729.65 attorneys' fees. It was entered on February 19, 1932, in favor of the Southern Surety Company of New York and against J. W. Maney and J. R. Alley. It was based on certain promissory notes executed by said judgment debtors to cover the premiums on Workmen's Compensation Insurance issued by the judgment creditor company and intended principally to protect the judgment debtors as employers against claims prosecuted against them by their employees before the State Industrial Commission.

About one month after the judgment was rendered, the Southern Surety Company of New York was dissolved and a liquidating officer was appointed by the Supreme Court of the State of New York. Thereafter an ancillary receivership was instituted in this state.

Thereafter and more than one year subsequent to the dissolution of the corporation but before the judgment became dormant for failure to issue an execution under section 442, O. S. 1931 (12 O. S. A. 735), the judgment creditor caused an execution to be issued. It was returned "no property found." The company then renewed its efforts to enforce the payment of the judgment by the institution of proceedings to compel the disclosure of assets by the judgment debtors.

The latter resisted the efforts to enforce the judgment and (by proceedings instituted in conjunction with the original case, the form and efficacy of which are not herein questioned) sought to defeat the collection of the judgment on two theories: First, that the judgment became dormant upon the dissolution of the creditor corporation and that a failure to revive the same by appropriate proceedings within one year thereafter rendered it incapable of enforcement over their objection; second, that enforcement of the judgment should be denied by reason of the alleged existence of an equitable set-off arising from their contingent liability under the Workmen's Compensation Act.

The trial court decided that the judgment was not dormant but that the enforcement thereof should be denied by reason of the equitable set-off.

The defendants in error herein assume a position in connection with the appeal which, if tenable, would defeat any and all recovery. They reassert the position taken by them in the trial court, that the judgment is dormant. They rely on the common-law rule that a judgment in favor of a corporation abates and becomes dormant upon the dissolution of the corporation and must be revived within one year. That rule has been superseded by statute in this state. Section 9788, O. S. 1931 (18 O. S. A. 163). This question has heretofore been definitely decided adversely to their contention. Ray v. J. I. Case Plow Works Co., 169 Okla. 465, 37 P. 2d 598. Therein we held:

"Under the provisions of section 9788, O. S. 1931, a judgment rendered in favor of a corporation, which is thereafter dissolved and reorganized, does not abate by reason of said dissolution, and no revival thereof is necessary to authorize the officers of the reorganized corporation to proceed to enforce and collect the judgment."

It is true that the corporation in that case had been reorganized, but no material legal distinction could be drawn between that case because of that cir-

cumstance and a case like the present one where the corporation is proceeding through its receivers or trustees. After considering the statute and certain decisions, the law was stated in the cited case as follows:

"Under these authorities it is clear that under our statute a proceeding in which a corporation is a party does not abate upon the dissolution of the corporation, and no revival of said action is necessary, and the directors or managers of the affairs of the corporation, at the time of its dissolution, or their successors, have full authority to continue the prosecution of such an action to the same extent as if the corporation had never been dissolved. The same authority so granted would also extend to the enforcement and collection of a judgment in force at the time of such dissolution."

That quoted language well applies in the instant case.

The judgment creditor in presenting the cause to this court for review alleges error in the allowance of an equitable set-off to defeat the judgment.

Our consideration of this position must be prefaced with a brief epitomization of the facts upon which the alleged equitable set-off is based.

As we have noted, the principal amount of the judgment, exclusive of attorneys' fees, exceeds $9,000. By reason of interest accrued and accruing on the judgment, the aggregate amount due thereon at the time the judgment now presented for review was entered exceeded $11,000. We have previously observed that this sum is due from the judgment debtors by reason of contractual obligations assumed by them for premiums on policies of insurance to protect them from liability to their employees under the Workmen's Compensation Act of the state.

The State Industrial Commission, an administrative board, is vested with the power and authority to determine the liability of employers and insurance carriers under the act, and the authority to judicially review the decision and orders of the commission rests with this court. The jurisdiction thus vested in connection with the act is exclusive and precludes the exercise of similar power by the various district courts of the state.

The proof introduced in this case establishes that a great number of claims had been presented to the commission by various employees of the judgment debtors seeking compensation for alleged accidental injuries asserted to have been sustained by them during the period of time the insurance issued by the judgment creditor was in force.

On these several claims a number of awards were made by the Industrial Commission which were paid by the insurance carrier. Subsequently, the failure of the insurance carrier (judgment creditor herein) to meet its contractual obligation made it necessary for the employer, whose liability continued notwithstanding the failure of the insurance company (Atlas Wiring Co. v. Dorchester, 168 Okla. 337, 32 P. 2d 913), to pay additional awards amounting to $735.31. In addition to this ascertained burden, a contingent liability for probable or possible future awards in connection with past accidental injuries rested on the employer by reason of the continuing jurisdiction of the commission to make additional awards.

A great amount of evidence was introduced for the purpose of establishing that the contingent liability, when added to the amount previously paid out by the judgment debtors, would equal or exceed the amount due on the judgment.

It is unquestionably true that there remained a liability for accidents which occurred during the life of the insurance policies which would impose a financial burden on the insured, but it is equally true that the determination of the exact amount of such liability would ultimately rest with the Industrial Commission (or this court on review of the award of that board) in determining awards in connection with individual claims. Thus the determination in advance by the district court of the ultimate probable amount of the contingent liability unquestionably embodied an element of speculation.

It is also apparent that to delay this proceeding until the liability should finally be determined by that body would be impracticable.

Under our view of the controlling principles of law and equity applicable to this case, it is unnecessary for us to review in detail the evidence appearing in the record for the purpose of determining whether it is clearly sufficient to support the view adopted by the trial court, namely, that the contingent liability above mentioned when added to the sum expended by the judgment debtors equaled or exceeded the amount due on the judgment.

It is recognized in this jurisdiction that the authority to allow a set-off is not wholly dependent upon our statutes treating the subject (section 206 et seq., O. S. 1931, 12 O. S. A. 272), but exists in equity independent of the statute. Thus in Caldwell v. Stevens, 64 Okla. 287, 167 P. 610, L. R. A. 1918B, 421, we said, in paragraph 1 of the syllabus:

"The power to allow a set-off of debts by a court of equity exists independent of the statute, where grounds of equitable interposition are shown, such as fraud, embarrassment in enforcing the demand at law, or special circumstances, such as insolvency or nonresidence, which render it probable that the party will lose his demand and be compelled to pay the demand of the other."

See, also, Morey et al. v. State ex rel. Mothersead, Bank Com'r., 129 Okla. 136, 263 P. 1098; State Bank of Dakoma v. Weaber, 125 Okla. 186, 256 P. 50; 24 R. C. L. 843.

It is not urged by the judgment creditors that the fact that their claim has been reduced to judgment precludes the presentation of a claim as a set-off to prevent the enforcement and collection of the judgment. Equitable set-offs arising after judgment may be interposed to prevent the enforcement of the judgment. Turknett v. Western College of New Mexico Conference of Methodist Episcopal Church, South (N. M.) 145 P. 138.

The judgment creditor contends in substance that the remedy of the judgment debtors was to file and present their claims arising by reason of their liability under the Compensation Law with the liquidating officer or the ancillary receiver and accept in satisfaction thereof their pro rata share of the assets of the corporation. This, it is asserted, is all they were entitled to receive regardless of their obligation to pay the judgment in full.

Authorities from other jurisdictions supporting the position thus taken are cited in the briefs, and it is also urged that this court is identified with that view by reason of Askin v. Taylor-Skinner Pub. Co. et al., 176 Okla. 438, 56 P. 2d 379. In that case, we held that creditors, knowing of the existence of a receivership, must file their claims with the receiver if they desire to participate in the distribution of the assets under receivership; however, in that case there was no question of mutual indebtedness. Where such a situation exists, this court is committed to the view that the rights of general creditors of an insolvent corporation do not operate to deprive a debtor of his right of equitable set-off against the corporation. The assets pass into the hands of the receiver or trustee subject to all claims and defenses that might have been interposed against the corporation had it continued on under its regular management. Ward v. Oklahoma State Bank of Atoka, 51 Okla. 193, 151 P. 852; Morey et al. v. State ex rel. Mothersead, Bank Com'r, supra. Thus, if the claimed set-off of the judgment debtors is otherwise tenable, they are not limited to a pro rata share of the assets of the dissolved corporation, but may claim the full amount due thereon to the extent the obligation merged in the judgment which they seek to defeat.

The judgment creditor also asserts that inasmuch as the amount of the contingent liability is uncertain and the ultimate determination thereof must rest with the State Industrial Commission (subject to review by this court),

the claimed set-off was improperly asserted in the trial court.

While it is ordinarily true that uncertainty as to the fact of damage or liability precludes recovery, it is, generally speaking, equally true that uncertainty as to the amount is not an insurmountable impediment. Ash v. Chas. F. Noble Oil & Gas Co., 96 Okla. 211, 223 P. 175; Firestone Tire & Rubber Co. v. Sheets et al., 178 Okla. 191, 62 P. 2d 91. Thus in this case, the fact of damage being a certainty but the amount thereof being uncertain, it would ordinarily follow that the court should determine the amount as a question of fact (thus substituting certainty for uncertainty) and set-off against each other the mutual obligations of the respective parties; however, a special factor is here present that creates a grave possibility of injustice from such a procedure unless conditions are imposed thereon. We allude to the exclusive jurisdiction of a tribunal other than the court in which this cause was tried to ultimately determine the extent of liability to injured workmen. Neither the adjudication of the lower court to that effect nor our approval of the trial court's conclusion would deprive the liability of its contingent character. The judgment would not influence or govern the Industrial Commission in determining liability to injured workmen. It is at once apparent that any judgment herein rendered and approved undertaking to determine the extent of the contingent liability partakes of the nature of a judicial prophecy. Thus, viewing the matter from the standpoint of the judgment creditor, the judgment herein rendered may result in a grave injustice in that the premium on the insurance merged in the judgment is lost, whereas it is possible that the contingent liability as estimated by the court below may not materialize to the extent recognized by the equitable set-off.

On the other hand, the denial of any relief to the judgment debtors would result in an equal, if not greater, injustice to them.

It is thus apparent that we are confronted with a situation in which an unqualified adoption of the solution urged by either of the respective parties is fraught with the possibility of a grave injustice to the other.

The relief herein sought against the judgment is of an equitable nature. The real question which presents itself is whether the district court entertaining jurisdiction in connection with a case of equitable cognizance is impotent to grant relief in a form which will achieve or more nearly approach a balance of the scales of justice between the respective parties to this controversy.

After careful consideration of this problem, we are of the opinion, and hold, that the imposition of such a condition upon the enforcement of the judgment is within the equitable power of the court. In 19 Am. Jur. page 51, par. 22, styled Equity, it is said:

"A court of equity has power to make its granting of relief dependent upon the performance of conditions by a party litigant, if the conditions are such as are imposed in the exercise of a sound discretion and of a character calculated to satisfy the dictates of conscience. The court may thus protect and give effect to the rights of one party while awarding relief to the other. The court is not restrained by strict legal rights."

This court has recognized equitable authority to make relief granted conditional. In disposing of a somewhat analogous problem in Halliburton v. Illinois Life Ins. Co., 170 Okla. 360, 40 P. 2d 1086, we said:

"Similarly, this court in the case of Pettis v. Johnston, 78 Okla. 277, 190 P. 681, said in syllabus 15:

" 'A court of equity may impose such conditions to the granting of relief against a judgment not void on its face as appear equitable under the circumstances of each particular case, and also as provided for by section 5272, Rev. Laws 1910. (See paragraph 5, opinion.)'

"Thus the policy of protecting judgment creditors by imposing conditions

in proper cases when a default judgment is opened or vacated has received both legislative and judicial approval in this jurisdiction.

"In this case two methods of protecting plaintiff's rights are available and not inconsistent with permitting the defendants in error to present the merits of their defense to plaintiffs' claim: First, the judgment may be opened, as distinguished from vacated, to permit the defendants in error to present their defense, at the same time preserving the original judgment, execution and lien secured thereby to stand for the purpose of securing the payment of any judgment which the plaintiffs in error may subsequently obtain. Tierney v. Helvetia Swiss Fire Ins. Co., supra; Anonymous, 6 Cow. (N. Y.) 390; Wilson v. White, 7 Cow. (N. Y.) 477; Mott v. Union Bank, 38 N. Y. 18. Second, the court may require, as a condition to vacating the judgment, a bond to secure the payment of the amount of any future judgment which plaintiffs may obtain, said bond not to exceed in amount the value of the lands upon which plaintiffs' judgment attached as a lien, and upon which execution has been heretofore entered."

While the foregoing authority does not involve the precise problem here presented, it is sufficiently similar to demonstrate the equitable power of the court to grant a type of conditional relief when equity and good conscience demand.

Upon the foregoing consideration we conclude that when it is apparent that there exists a financial obligation which defendants are in equity entitled to set off against said judgment, but some tribunal other than the one in which relief is sought has jurisdiction to determine the amount thereof, and delay in the proceedings to enable the tribunal having jurisdiction to make such a determination would be impracticable, the court may make such reasonable orders as may be necessary to avoid any inequities, either by staying the enforcement of said judgment or by permitting collection of said judgment and impounding of the proceeds thereof.

It is manifest that equity requires that all sums heretofore paid out by the judgment debtors in satisfaction of liability for which plaintiff contracted to stand responsible and all sums so paid out prior to entry of judgment on mandate of this court herein should be set off against said judgment. The judgment creditor should be allowed to collect its judgment in full, less such offsets, but said funds should be impounded in the registry of the court and there held for a period of five years, and all sums which judgment debtors may be required to pay out on such liability, including reasonable attorneys' fees and necessary expenses during said time, shall be, upon proper application and notice, repaid to said judgment debtors out of said funds; provided, if the plaintiff shall execute a good and sufficient bond to be approved by the court clerk in a sum equal to the amount of said judgment and conditioned that the judgment creditors will repay such sums as hereinabove set forth to the judgment debtors, then the court may direct the clerk to disburse said funds or the unexpended balance to plaintiff.

Judgment debtors are required to pay said funds into the hands of the court clerk within 30 days from entry of judgment on mandate, but if such payment be not made within said time, let execution issue.

The cause is remanded to the trial court with directions to modify its previous judgment in accordance with the views herein expressed.

CORN, V. C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and RILEY and GIBSON, JJ., dissent.