Louis BULASKY et al., Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORP., et al., Appellees.

Nos. 21233A, 21233B.

United States Court of Appeals Ninth Circuit.

Sept. 26, 1967.

Charles O. Morgan, Morgan & Moscone, San Francisco, Cal., for appellants.

Alan I. Kaplan, Bronson, Bronson & McKinnon, San Francisco, Cal., William M. Moroney, John F. Lee, Leslie H. Fisher, Federal Deposit Ins. Co., Washington, D. C., for appellees.

Before BROWNING and ELY, Circuit Judges, and BELLONI, District Judge.

ELY, Circuit Judge:

The three appellants, plaintiffs below, were partners in two businesses. One of them was operated under the name "Harvey's Kitchen" and the other under the name "Bunny's Waffle Shops." Under the name "Harvey's Kitchen," the partners maintained two bank accounts in the San Francisco National Bank. Under the name "Bunny's Waffle Shops," they maintained two additional accounts in the same bank. The bank failed, and on the date of its failure, $16,468.31 was on deposit in the "Harvey's Kitchen" accounts, and $15,256.37 was the amount deposited in the name of "Bunny's Waffle Shops." The partners instituted two separate actions in a California state court, seeking in each to recover $10,000 from the Federal Deposit Insurance Corp., the bank's Receiver. On petition of the latter, the actions were removed to the District Court. They were thereafter consolidated. The District Court's jurisdiction was based upon 12 U.S.C. § 1819 and 28 U.S.C. § 1348.

By its judgment, the District Court held that the appealing partners were entitled to recover the sum of $10,000 and no more. We affirm.

The pertinent statute provides, in part, "in determining the amount due to any depositor there shall be added together all deposits in the bank maintained in the same capacity and the same right for his benefit either in his own name or in the names of others * * *." 12 U.S.C. § 1813(m). All parties agree that the underlying purpose of the statute's enactment was the prevention of one depositor's receiving more federal insurance protection than his fellow depositors by the device of creating separate accounts in an insured bank. All of the deposits here in question must "be added together," for without doubt, they were "maintained in the same capacity and the same right for * * * [the] benefit * * *" of the same depositors. An affidavit filed in opposition to appellees' motion for summary judgment establishes that the three partners were actually engaged in one partnership. The fact that they operated under two different fictitious names did not alter their capacity, nor was that capacity affected by the manner in which they conducted their accounting practice or segregated their funds. Any one of the partners might have withdrawn all or a portion of the funds of the four accounts at any time. None of the accounts was impressed with trust or other separate status. Cf. Billings County v. Federal Deposit Insurance Corp., 71 F.Supp. 696 (D.N.D.1947).

In Phair v. Federal Deposit Insurance Corp., 74 F.Supp. 693 (D.N.J.1947), it was held that the segregation by executors of an estate's corpus and income into two separate accounts did not change the

character of the funds or the capacity of the executors and that hence, the execu- tors might recover federal deposit insur- ance on one account only. That decision supports the position taken by the Dis- trict Court, and we agree with it.

Affirmed.