STATE of Oklahoma ex rel. Jack AMMONS, Plaintiff,

v.

Honorable Phillips BRECKINRIDGE, Judge of the Court of Common Pleas, Tulsa County, Oklahoma, and Truck Insurance Exchange, Defendants.

No. 42735.

Supreme Court of Oklahoma.

June 18, 1968.

508

Harry V. Rouse, Tulsa, for petitioner.

Knight & Wilburn, by Ray H. Wilburn, Tulsa, for respondent.

LAVENDER, Justice.

This is an original proceeding in this court in which the petitioner, who was awarded compensation under the Workmen's Compensation laws for temporary total disability and for permanent partial disability, seeks a writ of prohibition commanding the respondent herein, as Judge of the Court of Common Pleas of Tulsa County, to desist and refrain from any further proceedings in an action in that court in which the employer's insurance carrier seeks to recover amounts allegedly paid by it to the petitioner in excess of the amount awarded as compensation for temporary total disability.

The petitioner was injured on June 11, 1965, and thereafter, filed a claim in the State Industrial Court for compensation under the Workmen's Compensation laws. On December 20, 1965, the employer and insurance carrier filed notice in that court that they had stopped making payments for compensation for temporary total disability as of December 8, 1965, because they had learned that the petitioner was no longer totally disabled.

On January 20, 1966, the petitioner's claim was heard before one of the judges of the State Industrial Court, as trial judge, who entered an order thereon on March 30, 1966, finding that the petitioner sustained a compensable injury on June 11, 1965; that his rate of compensation would be $37.50 per week; that he was totally disabled for 17 weeks, from June 11, 1965, until October 10, 1965; that his total disability ended on October 10, 1965; that he was entitled to compensation for temporary total disability for 17 weeks at $37.50 per week (a total of $637.50), and that all of that compensation had been paid by the employer or the insurance carrier; and

that the petitioner had sustained certain permanent partial disabilities and was entitled to compensation for such permanent partial disabilities for a total of 151.25 weeks at $37.50 per week, or a total of $5,671.87 for permanent disabilities, 24.5 weeks or $918.75 of which had theretofore accrued. The trial judge ordered the employer or its insurance carrier to pay the $918.75 accrued amount for permanent partial disabilities to the petitioner immediately and to pay the balance of the award at the rate of $37.50 per week until the full amount thereof (less tax and attorney fee allowed in the order) be paid. On appeal therefrom, the State Industrial Court, sitting en banc, affirmed that order on May 3, 1966, and no appeal was taken therefrom.

As of May 24, 1966, the insurance carrier suspended the weekly payments on compensation for permanent partial disability because, prior to the original order of March 30, 1966, it had paid the petitioner $312.50 for 8⅓ weeks more compensation for temporary total disability than the State Industrial Court determined he was entitled to receive as compensation for temporary total disability.

About June 3, 1966, the petitioner filed in the State Industrial Court a motion alleging default in payments for more than ten days, and asking that court to find the employer and the insurance carrier to be in default and to order that all unpaid portions of the award, including future periodical installments, be accelerated, commuted to a lump sum, and paid to the petitioner. Then on June 17, 1966, the employer and the insurance carrier filed a motion in that court, alleging the carrier's overpayment of compensation for permanent total disability for the period from October 10, 1965, to December 8, 1965, in the amount of $312.50, and asking that court to enter an order giving them credit, on the compensation for permanent partial disability, in the amount of such overpayment.

Both of these motions were heard on July 6, 1966, by one of the judges of that

court, as trial judge, and on July 14, 1966, the trial judge entered an order denying the motion of the employer and insurance carrier, on the ground that the award had become final prior to the filing of their motion for credit and the court was without jurisdiction to modify it by increasing or decreasing the amount thereof. In that order, the trial judge found that the employer and insurance carrier had, on or about May 24, 1966, and without just cause, become in default in the payments on the award and had remained in default for more than ten days, and based on such finding, sustained the petitioner's motion and ordered that the employer and/or insurance carrier pay the award to the petitioner in a lump sum. No appeal was taken from that order within the time allowed therefor by law, and like the orders of March 30, 1966, and May 3, 1966, it has become final.

On August 29, 1967, the insurance carrier commenced the court of common pleas action involved herein, alleging the order of March 30, 1966, and its overpayment of $312.50 on the compensation awarded therein for temporary total disability, and praying for judgment against the petitioner herein for $312.50 plus interest thereon and the costs of the action.

The petitioner filed a special appearance and plea to the jurisdiction of that court, contending in his supporting brief that the State Industrial Court has exclusive, original jurisdiction to determine the liability of employers and their insurance carriers under the Workmen's Compensation laws, and that the Supreme Court is vested with exclusive jurisdiction to review awards and decisions of the State Industrial Court made under the Workmen's Compensation laws and to reverse, vacate or modify the same. When that plea was denied by the respondent judge, the petitioner asked this court to assume original jurisdiction and to prohibit any further proceedings in that action because of lack of jurisdiction.

Except when the Workmen's Compensation laws of this state authorize,

or provide for, the determination of particular matters arising under those laws, by some other court or courts, the State Industrial Court (formerly the State Industrial Commission) has the exclusive, original jurisdiction to determine claims for compensation provided by those laws, the liability of employers and insurance carriers under those laws, and any rights asserted under those laws. See: Commercial Casualty Ins. Co. v. E. B. Cooke Service Station et al. (1933), 165 Okl. 36, 24 P.2d 1007; Southern Surety Company of New York et al. v. Maney et al. (1941), 190 Okl. 129, 121 P.2d 295; Cavender v. Wofford Drilling Co. et al. (1942), 190 Okl. 291, 123 P.2d 261; Hartford Accident & Indemnity Co. v. Tri-State Casualty Ins. Co. (1951), 205 Okl. 117, 235 P.2d 703. And the Supreme Court is vested with the exclusive jurisdiction to reverse, vacate, or modify awards and decisions of the State Industrial Court made under those laws, (85 O.S.1961, § 29; Southern Surety Company of New York et al. v. Maney et al., supra). This, of course, means that other tribunals, such as the Court of Common Pleas of Tulsa County, are without jurisdiction to make any such determinations, originally, or to reverse, vacate, or modify awards or decisions of the State Industrial Court, in those instances.

The respondents herein agree with these principles of law and contend only that, in the action in question herein, the insurance carrier does not ask the respondent court to make any such determination or to reverse, vacate, or modify any award or decision of the State Industrial Court, but seeks only to recover money paid by it to the petitioner herein, which he was not entitled to receive and to which he has no right or claim, because it is in excess of the total compensation which the State Industrial Commission, in the order of March 30, 1966, determined the petitioner was entitled, under the Workmen's Compensation laws, to receive as compensation for temporary total disability and for permanent disabilities.

85 O.S.1961, § 41 provides, in part, that:

"Awards for permanent disability, either total or partial, under subdivisions '1' and '3' of Section 13356, Oklahoma Statutes 1931 [now 85 O.S.1961, § 22, which prescribes a schedule of compensation for permanent disabilities, with subdivision 1 thereof relating to the compensation for permanent total disability, and subdivision 3 thereof relating to the compensation for permanent partial disability], shall be made for the aggregate total amount of compensation which the Commission [now Court] shall find the claimant will be entitled to receive, *less any sum or sums theretofore paid which the said Commission may find to be a proper credit thereon,* and when same becomes final, *the whole sum or any unpaid portion thereof, shall operate as a final adjudicated obligation* and payment thereof may be enforced by the claimant, or in case of his death, by the surviving beneficiary entitled to the proceeds as provided in Section 1, Chapter 29, Session Laws of 1933 [now 85 O.S.1961 § 48]. * * *." (Emphasis supplied.)

Although the respondents do not question, but ignore, that part of the Industrial Court's order of July 14, 1966, which found the employer and insurance carrier in default, for more than ten days, on payments of compensation for permanent partial disabilities required by the Industrial Court's order of March 30, 1966, to be made after that date, we note that 85 O.S. 1961, § 41, supra, also provides, in part, that:

"* * *. Failure for ten days to pay any final award or any portion thereof as ordered, shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, including future periodical installments unpaid, shall *thereupon* become due and may be immediately enforced as provided in section 13366 of this Chapter [now 85 O.S.1961 § 42, which provides for the Commission, in such an event, to order that a certified copy of the award be filed in the office of the court clerk of any county, and for the entry thereof on the judgment docket of the district court and for the enforcement thereof as other judgments of the district court]." (Emphasis supplied.)

There seems to be no question but that, as of December 8, 1965, the employer and/or the insurance carrier in the present instance had paid to the petitioner, as compensation for temporary total disability, $312.50 more than the total amount that the industrial court, in the order of March 30, 1966, determined he was entitled, under the Workmen's Compensation laws, to receive as compensation for temporary total disability. However, although on December 20, 1965, they filed notice in that court that, as of December 8, 1965, they had stopped making payments to the petitioner for temporary total disability because they had learned that he had ceased to be totally disabled, and although the industrial court found, in its order of March 30, 1966, that the petitioner's total disability had terminated on October 10, 1965, there is nothing in the record before us to indicate that they, in any manner, raised the question of credit for such overpayment of compensation for temporary total disability until they filed their motion for such credit on June 17, 1966.

■ In the order of March 30, 1966, the industrial court could have, and should have, allowed the employer and insurance carrier credit, against the aggregate total amount of compensation it determined the petitioner was entitled, under the Workmen's Compensation laws, to receive for permanent disabilities, for such overpayment of compensation for temporary total disability, if prior to the rendition of such order, they had properly presented the matter of such overpayment and the amount thereof. Don Clawson Drilling Company et al. v. Finch et al. (1954), Okl., 277 P.2d 127 and cases therein cited. See also Service Pipe Line Company v. Cargill et al. (1955), Okl., 289 P.2d 961.

Thus, it is clear that a determination of the total amount of credits, if any, against the aggregate total amount of compensation which the industrial court determines a claimant is entitled, under the Workmen's Compensation laws, to receive for permanent disabilities, which the employer and/or the insurance carrier are entitled to be allowed for payments theretofore made by them as compensation for temporary total disability, is a necessary part of the industrial court's determination of the employer's and/or the insurance carrier's total future liability for compensation for permanent disabilities, as provided for in 85 O.S.1961, § 41, supra.

In the present case, the judgment prayed for by the insurance carrier in the respondent court would, of necessity, include a finding that the employer and the insurance carrier were, and are, entitled to be allowed credit against the aggregate total amount of compensation which the State Industrial Court, in the order of March 30, 1966, determined the petitioner herein was entitled, under the Workmen's Compensation laws, to receive as compensation for permanent partial disabilities, for payments theretofore made by the insurance carrier as compensation for temporary total disability in excess of the total amount of compensation which that court determined, in that order, this petitioner was entitled, under the Workmen's Compensation laws, for temporary total disability, and would, indirectly vacate the industrial court's order of July 14, 1966, insofar as it denied the employer's and insurance carrier's motion of June 17, 1966, for an order allowing them such credit, and would also, indirectly, modify the industrial court's order of March 30, 1966, determining and fixing the total amount of their future liability for compensation for permanent partial disabilities. In these circumstances, the rendition of such a judgment would be beyond the jurisdiction of the Court of Common Pleas of Tulsa County, even though the rendition of a judgment for money had and received, in the amount involved herein, might be within its "general" jurisdiction.

Prohibition is a proper remedy to arrest the action of an inferior court where a proper showing is made that such court is proceeding in a cause within its general jurisdiction but in which, because of special circumstances, it is without jurisdiction. See: Gordon v. Followell, Judge (1964), Okl., 391 P.2d 242, and Hampton v. Clendinning, Judge (1966), Okl., 416 P.2d 617.

It is ordered, adjudged and decreed that the Court of Common Pleas of Tulsa County, State of Oklahoma, and the judge thereof, be and hereby are, directed to dismiss, for lack of jurisdiction, the petition of the plaintiff in cause numbered 78,866 in that court, entitled "Truck Insurance Exchange, Plaintiff, vs. Jack Ammons, Defendant," and that said court and the judge thereof be, and hereby are, prohibited from otherwise proceeding in that cause.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY, HODGES, and McINERNEY, JJ., concur.