**Louis BULASKY, Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver of San Fran-
cisco National Bank, Appellee.**

**No. 23985.**

United States Court of Appeals,
Ninth Circuit.

May 11, 1971.

Charles O. Morgan (argued), of Mor-
gan & Moscone, San Francisco, Cal., for
appellant.

Frederick Fields (argued), Charles A.
Legge, of Bronson, Bronson & Mc-
Kinnon, San Francisco, Cal., S. Rex
Lewis and Leslie H. Fisher, Washington,
D. C., for appellee.

Before ELY, WRIGHT and TRASK,
Circuit Judges.

ELY, Circuit Judge:

The appellant Bulasky is one of three
owners of a partnership which operated
under two fictitious names and which
maintained two bank accounts under the
two fictitious names with the San
Francisco National Bank. The bank
was declared insolvent, and the Federal
Deposit Insurance Corporation (FDIC)
was appointed the bank's Receiver. As
insurer of the bank's deposits, FDIC
paid the three owners $10,000, leaving
the partnership as a general creditor of
the bank's receivership for $21,724.68 in
deposits.[1] Before the closing of the
bank, Bulasky had borrowed a large sum
of money from the bank and had execut-
ed a personal promissory note for the
loan. He sought to offset the amount he
now owes the bank, $30,000, against the
$21,724.68 owed to the partnership, but
the District Court denied the offset and
granted summary judgment in favor of
the Receiver. Bulasky appeals.

In order to work an offset,
there generally must be a mutuality of
obligations, that is, the debts must be
due and owing to and from the same
persons in the same capacities. Since
partnership assets belong to all partners,
offsets have been denied to individual
debtors of a bank who are also members

---

1. In previous litigation, the partnership's
claims for additional FDIC insurance was
denied. Bulasky v. FDIC, 383 F.2d 382
(9th Cir. 1967).

of a partnership creditor of the same bank. This is because of lack of mutuality, and the rule has operated even when a partnership has consented to the offset. Hulse v. Knapp, 20 F.Supp. 137 (W.D.N.Y.1937); Wolcott v. Pierre, 100 Ind.App. 16, 188 N.E. 596 (1934). The principle is designed to secure an equitable disposition of a creditor's assets. The allowance of the claimed offset in this case might grant to the partnership a greater proportionate recovery to the prejudice of other general creditors of the bank. While Bulasky admits the general rule, he invokes an exception, the doctrine of "equitable offset." Courts of equity have occasionally, although rarely, applied such an exception to prevent irremedial injustice. *See, e. g.,* Morey v. State, 129 Okl. 136, 263 P. 1098 (1928). In *Morey,* however, the partner claiming the offset owned the entire assets of the partnership, and in granting the offset, the court found as a fact that Morey himself constituted the partnership. Here, Bulasky attempted to show that he, individually, constituted the partnership because he operated its businesses and could withdraw funds for his personal use. In advancing this contention, however, he glosses over the facts that any partner could withdraw the funds and that there were three owners.

Although the right of offset may be a reciprocal right, Bulasky has incorrectly assumed that the bank, in a suit by the partnership for its deposit, could have offset Bulasky's debt against the partnership claim. Hulse v. Knapp, *supra;* Farmers State Bank v. Jones, 34 Tenn. App. 57, 232 S.W.2d 658, 665 (1950). Bulasky failed to demonstrate such irremediable injustice as might have required the District Court to apply an abstract, and exceptional, principle of equity.

Affirmed.